364 So.2d 65 (1978)
BLISS AND LAUGHLIN INDUSTRIES, INC., Appellant,
v.
William Lee MALLEY and Mary Ann Malley, and Realtek Real Estate, Inc., a Corporation, Appellees.
REALTEK REAL ESTATE, INC., Appellant,
v.
BLISS AND LAUGHLIN INDUSTRIES, INC., William Lee Malley and Mary Ann Malley, Appellees.
TEQUESTA PROPERTIES, INC., Appellant,
v.
William Lee Malley and Mary Ann Malley, Bliss and Laughlin Industries, Inc., and Realtek Real Estate, Inc., a Corporation, Appellees.
Nos. 77-1276, 77-1487 and 77-1477.
District Court of Appeal of Florida, Fourth District.
November 8, 1978.
James L.S. Bowdish, of Crary, Buchanan & Meginniss, Stuart, for appellants, Bliss & Laughlin and Tequesta Properties.
Timothy W. Gaskill, of DeSantis, Cook, Meehan & Cohen, P.A., North Palm Beach, for appellant-Realtek Real Estate.
Robert V. Romani, of Farish & Farish, West Palm Beach, for appellees-Malley.
*66 CROSS, Judge.
These consolidated appeals are brought to review a final judgment entered in favor of the plaintiffs, William L. Malley and Mary Ann Malley, his wife, granting rescission of certain contracts for sale of land as well as awarding damages for negligent misrepresentation. We reverse.
Numerous points have been raised by these consolidated appeals, only one of which has merit, i.e., the trial court refusing to compel the plaintiffs to elect between inconsistent remedies.
The doctrine of election of remedies prevents a party from availing himself simultaneously of inconsistent remedies. Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968). Generally, if a party is injured by the purchase of land because of the fraudulent misrepresentations of the vendor or his agents, the vendee may seek redress through rescission of the conveyance in equity or by the recovery of damages in an action at law. Weeke v. Reeve, 65 Fla. 374, 61 So. 749 (1913). The remedies of rescission and damages are co-existent and inconsistent since the former is predicated upon a disavowal of the contract of sale while the latter is based upon its affirmance. Deemer v. Hallett-Pontiac, Inc., 288 So.2d 526 (Fla.3d DCA 1974). See also Hauser v. Van Zile, 269 So.2d 396 (Fla. 4th DCA 1972). Thus, the trial court erred in entering final judgment granting both rescission of the contracts of sale as well as awarding damages for negligent misrepresentation.
Accordingly, the final judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
MOORE, J., and PAUL, MAURICE M., Associate Judge, concur.