481 So.2d 1228 (1985)
Harry Van Der NOORD, Individually; Robert Underwood, Individually and D/B/a Indiana Exchanger Partnership, an Illinois Partnership, Appellants,
v.
Robert Jay KATZ, Appellee.
No. 84-1786.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
Rehearing Denied January 28, 1986.
Charles Holcomb, Merritt Island, and Edna L. Caruso, West Palm Beach, for appellants.
Susan W. Gibson and David H. Simmons of Drage, DeBeaubien, Milbrath & Simmons, Orlando, for appellee.
*1229 COBB, Chief Judge.
This is an appeal from a post-trial order directing a verdict against Van Der Noord and Underwood, a partnership, on liability for breach of contract and granting a new trial on the issue of damages to the appellee, Katz.
This dispute concerns a purchase agreement between the partners, as prospective sellers of a mobile home park, and Katz as prospective buyer. The contract price for the sale of the mobile home park was $3.7 million, and the buyer was required to advance $25,000.00 as earnest money. Under the terms of the contract, the sellers warranted to the buyer that the "normal operating expenses" of the park from January 1, 1983, to date of closing on July 30, 1983, would not exceed 32% of gross income. In addition, the sellers warranted that the total gross income from the park would be not less than $560,000.00 per year at the close of escrow.
The buyer refused to close, and sued the sellers for damages for breach of contract and fraud, alleging that the sellers had made certain misrepresentations regarding the warranted income and expenses of the park which had induced the contract. The sellers denied these allegations and presented a counter-claim against the buyer for breach of contract, fraud and misrepresentation.
Prior to trial, the court interpreted the term "normal operating expenses" as a matter of law and instructed the jury that it meant "the actual operating expenses of the mobile home park for the period in question, less capital items and items of expenses not attributable ... to the mobile home park." The jury returned a verdict finding that the buyer had breached the contract, and awarded the $25,000.00 deposit to the sellers. The jury also found that neither party was guilty of fraud or misrepresentation. The trial court then granted the buyer's motion for judgment notwithstanding the verdict based on the following findings of fact:
1. Plaintiff, KATZ, entered into a contract to purchase a mobile home park from Defendants on April 15, 1983 ("contract"). The contract did not close on the scheduled closing date of June 30, 1983.
2. In this contract Defendants warranted and represented to Plaintiff, KATZ, that the "normal operating expenses" of the mobile home park would not exceed 32% of gross income.
3. Defendant, ROBERT UNDERWOOD, could not compute "normal operating expenses" as that phrase was used in the contract at the time of contracting or scheduled closing of the contract, and did not formulate a definition until after this lawsuit was commenced.
4. The Court, as a matter of law, determined the definition of "normal operating expenses" as that term is used in the contract. The testimony was uncontradicted that using this definition the normal operating expenses of the mobile home park exceeded 32% of gross income, resulting in a breach of the contract by Defendants.
5. Using accepted accounting principles, the definition for "normal operating expenses" as used by all accountants resulted in expenses exceeding 32%. Any other definition proposed by the Defendants was unilateral and not disclosed to Plaintiff, KATZ.
6. Plaintiff, KATZ, was given reasonable grounds to believe that the expense to income ratio exceeded 32%, impairing his expectation of receiving due performance under the contract.
7. When grounds arose to believe that Plaintiff, KATZ's, expectation of receiving due performance under the contract was impaired, Defendants refused to give adequate assurances of due performance to Plaintiff, KATZ, who then was entitled to suspend performance until such adequate assurances were given.
8. The contract is unambiguous. It controlled the transaction. The March 15, 1983, memorandum between the parties was merged into, and superseded by the contract.
9. No proof was presented that tended to show that Plaintiff, KATZ, breached *1230 the contract or that Defendants strictly complied with the contract.
10. The jury verdict was against the manifest weight of the evidence, and there was not evidence or reasonable inferences to be drawn from the evidence which showed that Defendants were not guilty of a good faith breach of contract.
The trial court required the sellers to return the buyer's earnest money deposit in the amount of $25,000.00, plus pre-judgment interest thereon, and granted the buyer a new trial solely on the issue of damages. This appeal ensued.
The sellers assert that the trial court erred in defining the term "normal operating expenses" as encompassing all actual expenses less capital and unrelated expenditures. The sellers argue that the term should not have included "non-recurring" expenses (i.e., those expenses not necessary on a daily, weekly or monthly basis), even though they were actually expended upon the park and were not capitalized.
The record in this case clearly supports the trial court's definition and its finding, based upon that definition, that there was no dispute among the witnesses that the park expenses exceeded 32% of gross income.[1] Therefore, the "Final Judgment Non Obstante Veredicto" (pursuant to Florida Rule of Civil Procedure 1.480(b)) entered on the issue of liability for breach of contract against the sellers was correct. We also agree with the trial court's award of the $25,000.00 deposit, with interest, to the buyer, Katz.
The next issue concerns the correctness of the order granting the buyer a new trial on the issue of damages. The trial court's order reads:
Plaintiff, KATZ, is granted a new trial solely as to the issue of damages resulting from Defendants' good faith breach of contract.
In support of this order, the buyer argues that the trial judge has broad discretion to grant a new trial. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). As recompense for the sellers' breach, the buyer contends that he is entitled not only to his deposit and interest, but also to any out-of-pocket expenses naturally resulting from the sellers' breach. See Beefy Trail, Inc. v. Beefy King International, Inc., 267 So.2d 853 (Fla. 4th DCA 1972); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). The buyer also contends that the issue of good faith versus bad faith remains viable to support his claim for "benefit of the bargain" damages. See Gassner v. Lockett, 101 So.2d 33 (Fla. 1958).
The latter argument must fail for two reasons: (1) the trial court adjudicated the sellers' breach to be in good faith, and that adjudication has not been challenged by cross-appeal; and (2) "benefit of the bargain" damages are not available to a party (Katz) who repudiates rather than affirms a contract because of the doctrine relating to election of remedies. See Bliss and Laughlin Industries, Inc. v. Malley, 364 So.2d 65 (Fla. 4th DCA 1978).
With regard to any out-of-pocket expenses caused by the sellers' breach, the buyer's evidence of accountant and attorney expenses presented at the first trial was based solely on speculation. Having failed to introduce competent, substantial evidence in regard to this issue, the buyer is not entitled to a second bite at the apple. The trial court's award of a new trial on damages was erroneous, and is therefore reversed.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
UPCHURCH and COWART, JJ., concur.
NOTES
[1] In upholding the trial court's definition of "normal operating expenses," this court does not preclude a broader definition than is utilized within the context of this case.