526 So.2d 940 (1988)
Harry VAN DER NOORD, et al., Appellants,
v.
Robert J. KATZ, Appellee.
No. 86-1140.
District Court of Appeal of Florida, Fifth District.
May 12, 1988.
Rehearing Denied June 23, 1988.
Bradly Roger Bettin and Charles Holcomb of Charles M. Holcomb, P.A., Cocoa, for appellants.
David H. Simmons and Daniel P. Rooney of Drage, DeBeaubien, Milbrath & Simmons, Orlando, for appellee.
COWART, Judge.
Appellants, as sellers, agreed to sell a mobile home park to appellee, as buyer. In *941 the contract, sellers warranted that during a certain period of time prior to closing, the "normal operating expenses" of the park would not exceed 32% of gross income. Claiming that such expenses exceeded 32% of gross income, the buyer refused to close and sued sellers for damages for breach of contract and fraud. The sellers counterclaimed for breach of contract, fraud, and misrepresentation. Based on the trial court's definition of "normal operating expenses" the jury found that the buyer had breached the contract and awarded the sellers the $25,000 that buyer had deposited with sellers as earnest money. Upon the buyer's motion, the trial judge entered a judgment notwithstanding the verdict because the trial court found, contrary to the jury verdict, that the sellers had breached the agreement. The trial court ordered that the $25,000 deposit be returned to the buyer and granted the buyer a new trial on the issue of damages. The sellers appealed. This court affirmed the final judgment non obstante veredicto as to the sellers' breach and the return of the $25,000 deposit to the buyer but reversed as to the grant of a new trial to the buyer on the issue of damages. See Van Der Noord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985).
On remand, after this court's opinion on the first appeal, the buyer filed a motion for costs and attorney's fees based on paragraph 20 of the agreement to purchase which provided for attorney's fees to the party prevailing in an action arising out of the agreement. The trial court granted that motion and awarded the buyer attorney's fees of $68,391.00. The sellers again appeal.
This court on the prior appeal reversed the grant of a new trial to the buyer on the issue of damages because this court found that, by refusing to close and purchase the park rather than closing and suing the sellers to recover money damages resulting from the sellers' breach of warranty as to the ratio of "normal operating expenses" to gross income, the buyer had repudiated the agreement rather than affirming it and had thereby elected a remedy in the nature of a rescission.[1] Rescission entitled the buyer to a restoration of his $25,000 deposit but not to damages resulting from sellers' breach.
The prior appellate opinion in this case clearly states that because the buyer elected to repudiate (rescind) the agreement and recover his $25,000 deposit, he could not also recover damages under the agreement which he might have otherwise recovered had he affirmed the contract and sought damages caused by the sellers' breach. In contemplation of law, by repudiating the agreement, the buyer extinguished and annihilated it as effectually as if it had never existed and thereafter the buyer had no more right to recover damages under the agreement in the form of attorney's fees or otherwise than if it had never existed. See Hyman v. Cohen, 73 So.2d 393 (Fla. 1954); Bliss and Laughlin Industries, Inc. v. Malley, 364 So.2d 65 (Fla. 4th DCA 1978). See also, e.g., Hopps v. Smith, 520 So.2d 673 (Fla. 5th DCA 1988). If a contract never existed obviously no one is a party to it and no one is entitled to recover attorney's fees based on some provision in it. See Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983). The prior opinion of this court held that because of his repudiation and rescission the buyer was not entitled to a new trial on the issue of damages for breach of contract. That holding became "the law of the case" and was binding on the trial court on remand.
As to the particular issue of the buyer recovering attorney's fees under the rescinded agreement, there is a specific determination in our prior opinion that is even more controlling than the doctrine of "the law of the case." In the original trial the buyer presented evidence of accountant's and attorney's expenses. In Van Der Noord, 481 So.2d at 1230, this court held that such evidence

*942 was based solely on speculation. Having failed to introduce competent, substantial evidence in regard to this issue, the buyer is not entitled to a second bite of the apple.
Therefore, in our prior opinion in this very case, this court expressly adjudicated that the buyer's evidence as to attorney's fees was legally insufficient and that he was not entitled to another chance to litigate that issue. That determination is res judicata as to the buyer's entitlement to attorney's fees in this case. Accordingly, the order awarding attorney's fees to the buyer as "prevailing party" under paragraph 20 of the contract is
REVERSED.
ORFINGER, J., concurs.
UPCHURCH, F.D., Jr., Judge, Retired, dissents with opinion.
UPCHURCH, F.D., Jr., Judge, Retired, dissenting.
I respectfully dissent. Paragraph 20 of the contract between the parties reads:
In the event of any litigation between the parties growing out of this agreement, the prevailing party shall be reimbursed for all reasonable costs and expenses including, but not limited to, reasonable attorney's fees.
It is obvious that the parties considered this agreement as to fees divisible, a separate and distinct agreement that the prevailing party be reimbursed for all litigation arising out of the parent agreement not affected by its rescission, because there was no objection to the court's retention of jurisdiction to award fees or to consideration of the question by the trial court. All objections were directed to the competency of the evidence.
While I agree that this court, in its earlier opinion, held that the appellee had failed to introduce "competent, substantial evidence" regarding fees, again there was apparently no objection to further consideration by the trial court. That point certainly is not included in the points on appeal raised by appellant, nor is it argued.
I think it is improper for this court to reverse a final judgment when the basis for the reversal was never presented or considered by the trial court. See Clark v. Department of Professional Regulation, 463 So.2d 328, 333-34, n. 3 (Fla. 5th DCA 1985).
NOTES
[1] "The buyer [Katz] refused to close," Van Der Noord, 481 So.2d at 1229, and "`benefit of the bargain' damages are not available to a party (Katz) who repudiates rather than affirms a contract because of the doctrine relating to election of remedies." Id. at 1230. See also Bliss and Laughlin Industries, Inc. v. Malley, 364 So.2d 65 (Fla. 4th DCA 1978).