544 So.2d 302 (1989)
GILTEX CORPORATION, a Delaware Corporation, Appellant/Cross-Appellee,
v.
Raymond DIEHL, Jr., Appellee/Cross-Appellant.
No. 88-2267.
District Court of Appeal of Florida, First District.
May 26, 1989.
Rehearing Denied June 29, 1989.
*303 Forrest K. Clinard, of Young, van Assenderp, Varnadoe & Benton, Tallahassee, for appellant/cross-appellee.
Carl R. Pennington, Jr., of Pennington, Wilkinson, & Dunlap, Tallahassee, for appellee/cross-appellant.
BARFIELD, Judge.
In this appeal and cross appeal from a final judgment on a complaint for interpleader, we affirm the trial court's order directing return of appellant's deposit, but reverse the trial court's denial of appellant's request for attorney fees, which was grounded on its finding that the contract for the sale of commercial property "never became effective." We find no merit in the cross appeal.
Two of the clauses added to the printed contract between the seller (Raymond Diehl, Jr., appellee) and the buyer (Giltex Corporation, appellant) are pertinent to this dispute:
This contract is contingent upon Buyers (sic) purchase of land adjacent and to the west of the subject property, which in turn is contingent upon successful rezoning to allow parking.
This Contract is Contingent upon buyer Consummating a Contract with Adjacent property owner within 5 working days from date of acceptance of this Contract.
The parties agreed to buy and sell the subject commercial property, but only if Giltex succeeded in consummating a contract to buy the adjoining property (for needed additional parking) within five working days of the execution of the contract between Giltex and Diehl. Implied in this contract was a promise by Giltex to make a diligent effort to consummate the contract with the owner of the adjacent property (Wheeler) within the five day contingency period, and a mutual promise by Diehl not to sell the property to someone else during that period. After the contingency period elapsed, the parties were no longer bound to these implied promises, nor were they bound to consummate the sale of Diehl's property.
The record supports the trial court's findings that there was no evidence demonstrating lack of diligence by Giltex during the five working day contingency period and that the evidence was insufficient to support Diehl's claim that he had waived the five day contingency clause. The record also supports the trial court's conclusion that the deposit should be returned to Giltex, but it does not support the trial court's basis for that conclusion, its finding that the contract "never had life breathed into it and the parties were never contractually bound by it."
This case is distinguishable from Gibson v. Courtois, 539 So.2d 459 (Fla. 1989), and Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983), in each of which the court found that the contract never came into being because a basic element never existed and that the parties were therefore never bound by any of its provisions.[1] Here, it is clear from the evidence presented that the parties mutually agreed to all the terms of the written contract, gave mutual consideration and were mutually bound, at least during the contingency period, to duties implied by it.
*304 Contrary to the trial court's finding, this contract (including the agreement that the prevailing party would be entitled to recover all costs incurred in connection with any litigation arising out of it) did come into existence, notwithstanding that its central agreement (to buy and sell Diehl's property) became unenforceable because, through no fault of either party, a contingency to which they had agreed did not occur (consummation, within five days of execution of the Giltex/Diehl contract, of a contract between Giltex and Wheeler for purchase of the adjoining property). Litigation to recover the deposit which Giltex had placed in escrow "arose out of" this contract, and Giltex, as the prevailing party, is therefore entitled to recover from Diehl all costs connected with the litigation, including attorney fees at trial and on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED for correction of the final judgment and determination of reasonable attorney fees.
NIMMONS and MINER, JJ., concur.
NOTES
[1] In Leitman, the court ruled that competent substantial evidence supported the trial court's finding that no contract was ever formed because the offer made by the plaintiffs was never accepted, and that because there was "no contract at all," as opposed to "a contract that is unenforceable," the prevailing party could not be entitled to fees "arising out of" the non-existent contract. 439 So.2d at 320-21. Leitman distinguished Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983), in which the court had authorized an attorney fee award, on the ground that in that case "there is little question that a contract between the plaintiff and the three defendant stockholders existed, but the contract was by its terms unenforceable until the remaining three stockholders signed." Id. The court pointed out that where enforcement of a contract is prevented, "since a contract exists, even though later declared to be void or voidable, certain of its provisions may be operative." Id.