546 So.2d 1047 (1989)
Robert J. KATZ, Petitioner,
v.
Harry VAN DER NOORD, Respondent.
No. 72713.
Supreme Court of Florida.
July 6, 1989.
*1048 David H. Simmons and Mark G. Jochem of Drage, deBeaubien, Knight and Simmons, Orlando, for petitioner.
Charles Holcomb of the Law Offices of Holcomb & Deans, Cocoa, for respondent.
PER CURIAM.
We review the opinion of the Fifth District Court of Appeal in Van Der Noord v. Katz, 526 So.2d 940 (Fla. 5th DCA 1988). We originally accepted jurisdiction of this case because of its conflict with Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983). In the interim, we disapproved Sousa to the extent that it conflicted with our opinion in Gibson v. Courtois, 539 So.2d 459 (Fla. 1989). More recently, however, the First District Court of Appeal issued its opinion in Giltex Corp. v. Diehl, 544 So.2d 302 (Fla. 1st DCA 1989), which also conflicts with the decision below. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This suit originated out of a contract for the purchase of a mobile home park. In the contract dated April 15, 1986, the sellers warranted that the "normal operating expenses" of the park would not exceed thirty-two percent of the gross income for the period of January 1, 1986, until the date of closing on June 30, 1986. Thereafter, the buyer refused to close and sued the sellers for breach of contract. The sellers counterclaimed, alleging that the buyer had breached his contractual obligations. The jury found that the buyer had breached the contract. However, the trial court entered a judgment notwithstanding the verdict in favor of the buyer, finding that the sellers had breached the contract because the expenses had exceeded the prescribed figure. The trial court ordered the return of the $25,000 deposit together with interest and granted the buyer a new trial on damages.
The district court of appeal affirmed the finding of liability against the sellers and approved the required return of the deposit plus interest. Van Der Noord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985). However, the appellate court reversed the order granting the buyer a new trial on damages. Pointing out that the sellers had not breached in bad faith, the court reasoned that the buyer could not recover "benefit of the bargain" damages because he had repudiated rather than affirmed the contract. The court also noted:
With regard to any out-of-pocket expenses caused by the sellers' breach, the buyer's evidence of accountant and attorney expenses presented at the first trial was based solely on speculation. Having failed to introduce competent, substantial evidence in regard to this issue, the buyer is not entitled to a second bite at the apple.
481 So.2d at 1230.
Upon remand, the buyer filed a motion for attorney's fees based on a provision in the contract which provided for attorney's fees to be awarded to the party prevailing in any "litigation ... growing out of this agreement." The court entered a judgment for attorney's fees against the sellers in the amount of $68,391. On appeal from this judgment, the Fifth District Court of Appeal reversed for two reasons. First, the court held that because the buyer had repudiated the contract, he had elected a remedy in the nature of rescission, which had the effect of extinguishing the agreement effectually as if it had never existed. Thus, the buyer had no right to recover under the attorney's fee provision of the contract. Second, the court referred to that portion of its prior decision quoted above and ruled that since the court had previously held the buyer's evidence on attorney's fees to be legally insufficient, that ruling was res judicata with respect to the buyer's entitlement to prevailing party attorney's fees.
In Giltex Corp. v. Diehl, 544 So.2d 302 (Fla. 1st DCA 1989), the parties entered into a written land sale contract which was contingent upon the purchaser's ability to consummate an agreement within five days to buy adjoining property needed for additional parking. Litigation ensued after the purchaser failed to obtain the requisite agreement during the contingency period. The trial judge ordered the return of the purchaser's deposit. However, the judge denied the purchaser's request for prevailing *1049 party attorney's fees under the contract on the premise that the contract had "never become effective." On appeal, the court upheld the finding that there was no evidence demonstrating a lack of diligence on the part of the purchaser in trying to acquire the additional property and affirmed the order to return the deposit. Notwithstanding, the district court of appeal reversed the denial of attorney's fees. The court stated:
Here, it is clear from the evidence presented that the parties mutually agreed to all the terms of the written contract, gave mutual consideration and were mutually bound, at least during the contingency period, to duties implied by it.
Contrary to the trial court's finding, this contract (including the agreement that the prevailing party would be entitled to recover all costs incurred in connection with any litigation arising out of it) did come into existence, notwithstanding that its central agreement (to buy and sell Diehl's property) became unenforceable because, through no fault of either party, a contingency to which they had agreed did not occur (consummation, within five days of execution of the Giltex/Diehl contract, of a contract between Giltex and Wheeler for purchase of the adjoining property). Litigation to recover the deposit which Giltex had placed in escrow "arose out of" this contract, and Giltex, as the prevailing party, is therefore entitled to recover from Diehl all costs connected with the litigation, including attorney fees at trial and on appeal.
Id. 544 So.2d at 303.
In Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983), the plaintiffs' action for specific performance of a "contract" for the sale of real estate was denied because the court found that since the defendants had never accepted the plaintiffs' offer to purchase, no contract had ever existed. The Third District Court of Appeal reversed an award of attorney's fees to the defendant that was based upon a provision in the deposit receipt form which stated that attorney's fees would be awarded to the prevailing party in any litigation arising out of the contract. The court reasoned that because there had never been a contract, there could be no recovery under a provision in that document. However, the district court of appeal went on to explain the difference between a situation in which a contract has never been formed and one where a contract has been formed which is not enforceable. The court suggested that a contractual provision for prevailing party attorney's fees could be enforced in the latter instance. While much of its discussion centered on contracts unenforceable because of the statute of frauds, the court observed in footnote 3:
Likewise, the enforcement of a contract may be prevented by equitable considerations, such as that the contract was fraudulently induced. In such a case, since a contract exists, even though later declared to be void or voidable, certain of its provisions may be operative. See Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983).
Id. at 321 n. 3.
We agree with Leitman that "[t]he distinction between no contract at all and one that is unenforceable makes all the difference... ." 439 So.2d at 320. Accord Giltex Corp. v. Diehl. We hold that when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist. It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by that contract. This analysis does no violence to our recent opinion in Gibson v. Courtois in which we held that the prevailing party is not entitled to collect attorney's fees under a provision in the document which would have formed the contract where the court finds that the contract never existed.
*1050 In the instant case, it is undisputed that the parties entered into a contract. While the Fifth District Court of Appeal later held that the contract had been rescinded by reason of the buyer's repudiation, the buyer was nevertheless entitled to recover attorney's fees from the sellers under the prevailing party attorney's fee provision of the contract.
The second reason given by the Fifth District Court of Appeal for reversing the judgment of attorney's fees also appears suspect. The trial court's award of attorney's fees was based entirely upon services purportedly rendered to the buyer in the litigation which ensued after the contract failed to close. On the other hand, the buyer contends that the claim for attorney's fees rejected by the district court of appeal in that portion of its opinion quoted above related to his damage claim for reimbursement of attorney's fees expended in putting together the syndication to buy the mobile home park. The record filed with this Court is inadequate to verify the buyer's contention, although the sellers have never disputed its accuracy. If the assertion is true, the conclusion that the buyer's claim for prevailing party attorney's fees is barred by res judicata is erroneous because the two claims for attorney's fees would have been advanced under different theories based upon charges for different services.
We disapprove the rationale of the district court of appeal with respect to its conclusion that prevailing party attorney's fees cannot be recovered under the provisions of a rescinded contract. We remand the case for a determination of whether the original claim for attorney's fees which was rejected in the first opinion of the district court of appeal included the prevailing party attorney's fees thereafter awarded by the trial court. In the event the award of attorney's fees is not barred by res judicata, the district court of appeal should then rule on the sellers' other arguments against the award of attorney's fees which were left unaddressed because of the manner in which the court disposed of the issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.