In Gibson, we held that a clause awarding attorney's fees to a prevailing party was inoperative when the contract was found to be nonexistent because the offeror validly revoked it. Here, a contract to sell a townhouse was held invalid based on evidence that, although both parties had signed the agreement and agreed on a price, they had never assented to terms of financing.
This is a significant difference that I believe both distinguishes this case from Gibson and requires enforcement of the prevailing-party clause. At the very least, it establishes a basis for estopping either of these parties from denying the validity of the prevailing-party clause contained in a document they both knowingly and willingly signed.
In our recent decision in Katz v. Van Der Noord, 546 So.2d 1047
(Fla. 1989), we recognized a distinction between contracts that never existed and those that, for whatever reason, will not support equitable or legal relief. We stated that
 when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist. . . . This analysis does no violence to our recent opinion in Gibson v. Courtois in which we held that the prevailing party is not entitled to collect attorney's fees under a provision in the document which would have formed the contract where the court finds that the contract never existed.
Id. at 1049 (emphasis in original). I believe the present case is controlled by Katz, not by Gibson.
This conclusion is fully consistent with modern contract theory. The trend in this century is away from the harsh common law "mirror image rule" that required both parties to agree to each and every term of the contract for it to be valid. InBlackhawk Heating Plumbing Co., Inc. v. Data Lease FinancialCorp., 302 So.2d 404, 409 (Fla. 1974), for instance, this Court stated:
 The contract should not be held void for uncertainty unless there is no other way out. As was stated by Justice Cardozo in Heyman Cohen Sons, Inc. v. M. Lurie Woolen Co., Inc., 232 N.Y. 112, 133 N.E. 370, 371, "Indefiniteness must reach the point where construction becomes futile."
Accord Fidelity Deposit Co. v. Aultman, 58 Fla. 228, 50 So. 991 (1909). Moreover, in the sale of goods, the Uniform Commercial Code now recognizes that a contract does not fail for indefiniteness if the parties intended to form an agreement and there is a reasonably certain basis for giving an appropriate remedy. § 672.204(3), Fla. Stat. (1989).
Here, the parties clearly intended to form some type of agreement when they executed the documents in question, and there is a highly certain basis for making an award of attorney's fees. The parties knew or should have known that the prevailing-party clause was in the documents. I thus believe the parties now should be made to honor this portion of their agreement, if only based on an estoppel theory. Thus, I would quash the opinion below and *Page 926 
remand for a proper hearing on enforcement of the prevailing-party clause.
Finally, I would like to note that the result reached by the majority would not necessarily be the same if the prevailing-party clause had been phrased differently. The document before us states that attorney's fees can be awarded to a prevailing party for any litigation "arising out of thisContract" (emphasis added). The rationale suggested by the final paragraph of the majority's opinion thus would not apply if the document instead had used the words "arising out of thisdocument." However, I find this to be a distinction without a difference and would enforce the prevailing-party clause anyway.
I respectfully dissent. *Page 927