655 So.2d 1256 (1995)
Pierre Henry HERCULE, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2969.
District Court of Appeal of Florida, Third District.
May 31, 1995.
*1257 Bennett H. Brummer, Public Defender, and Julie M. Levitt, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
Pierre Henry Hercule appeals a restitution order. We affirm.
Defendant Hercule entered into a plea agreement whereby he pled nolo contendere to the charge of burglary of a vehicle in exchange for a disposition of community control and an agreement to pay restitution. The restitution amount was set after an evidentiary hearing. Defendant has appealed.
Defendant first argues that the offense at issue here was burglary of a vehicle, but that there was no charge of theft of the vehicle or its contents. Consequently, defendant urges that he can only be required to make restitution for damage to the exterior of the car, but not for the loss of the missing and unrecovered contents and auto parts. We disagree.
First, this court suggested in Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987), that where the offense at conviction is burglary, a restitution order can properly be entered for property taken from the premises but not recovered. Id. at 1156. Second, in this case the defendant entered into a plea agreement in which he specifically agreed to make restitution as part of an agreement to be placed on community control. Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole. Third, it was up to the trial court to make a credibility determination when the defendant testified at the restitution hearing that he knew nothing about the missing contents and missing auto parts. That is so not only because the defendant's account was entirely self-serving, but also because the court was well within its rights to reject the defendant's facially improbable account of the auto burglary. See Walls v. State, 641 So.2d 381, 390 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995).[1]
Defendant also challenges the trial court's method of valuation of several items of personal property. We find that there is sufficient evidence to support the restitution amount set by the trial court.
In State v. Hawthorne, 573 So.2d 330 (Fla. 1991), the Florida Supreme Court held that there is no rigid standard of proof for restitution cases. Id. at 332. The trial court has discretion to take into account any appropriate factor in arriving at a fair amount which will adequately compensate the victim for his or her loss. Id. at 333. The trial "court is not tied to fair market value as the sole standard for determining restitution amounts, but rather may exercise such discretion as required to further the purposes of restitution." Id.
*1258 In this case the trial court allowed $1,400 to the victim as the price she had paid two weeks previously for specialty chrome wheels and new tires for her car. These were missing when the car was recovered.[2] The trial court was well within its discretion to allow actual cost for the just-purchased wheels and tires. Indeed, this exact scenario is discussed in Hawthorne. Id. at 333 n. 5.
The victim also testified that the contents of the car included a pair of designer sunglasses, a camera, cassette tapes, running shoes, a ring, an umbrella, an exercise mat, a towel, and a gun.[3] The victim told the court what she believed each of these items to be worth.
Defendant argues that in order to establish the value of each of these relatively small items of personal property, it was necessary for the State or the victim to provide some sort of expert appraisal testimony. To the contrary, Hawthorne allows an owner to testify to the value of his or her own property. Id. at 333 and n. 6. The State framed its questions properly, and the victim's answers were sufficient.
Affirmed.
NOTES
[1] Defendant testified that he "found" the victim's stolen automobile on a Miami city street with its engine running, at which time he decided to burglarize what he described as an already-burglarized car.
[2] When the car was recovered by the arresting officer, the specialty wheels had been replaced with two "doughnut" spares and two ordinary wheels.
[3] Except for the ring, the values for these items ranged from $10 to $300. The personal property loss was not covered by insurance.