GRIFFIN, Chief Judge.
Hugo Garay [“Garay”] seeks review of a restitution order. We reverse.
Garay was charged with grand theft of the third degree[1] for failing to timely return a cement mixer he had rented from Hardy Rentals on August 7, 1995. Garay claimed that someone had stolen the mixer from him while he was renting it, but he pled nolo contendere to the offense as charged, with the understanding that the prosecutor would recommend that he receive two years’ probation and pay restitution. Garay was sentenced in accordance with his plea, and adjudication of guilt was withheld. The court reserved jurisdiction concerning restitution.
At the restitution hearing, the testimony showed that Garay had replaced the missing mixer with a comparable new mixer, which he paid for in installments and had delivered to Hardy Rentals in August 1996, approximately one year after he was due to return the rental mixer. The mixer which Garay had originally rented was also recovered in January 1996, after it was found damaged in the parking lot of an apartment complex. The estimated cost to repair the mixer was $1,000.
Kenneth Lasseter of Hardy Rentals testified that during the relevant time frame he had a total of five or six mixers. He said that he had not kept records concerning the number of times that customers had called looking to rent a mixer when all of his other mixers were out. Nor had he gone through his records to find out precisely how many times all of his mixers were rented out. However, he estimated that he had been required to turn away customers at least twice a month, causing him lost income. Assuming that he had lost a minimum of two day-long rentals a month at a cost of $40 each, he estimated that he had lost a total of $960 in income. He offered no evidence of his cost to maintain the equipment, although there was evidence that these types of mixers break down frequently.
Defense counsel argued that Garay should not be required to pay lost income beyond February 27, 1996, the date on which Kenneth Lasseter concluded that the mixer had been stolen and reported the theft. Defense counsel argued that otherwise the owner *633 could wait three years to report the mixer stolen, and then recover rentals during the entire period. She also contended that Las-seter’s lost profits were too speculative to be recoverable. Finally, she noted that Lasseter had admitted that he would have been willing to rent the mixer for $576 a year and argued that damages should be limited to this amount. The trial court rejected all of these arguments and awarded the victim restitution in the amount of $960, representing the income from two lost rentals a month for one year. Garay was given the old mixer.
This case is governed by the 1993 version of the . restitution statute, under which a defendant is generally required to make restitution to the victim for “[djamage or loss caused directly or indirectly by the defendant’s offense.”[2] Under this statute, the general measure of restitution in a theft case is the fair market value of the goods at the time of the theft. State v. Hawthorne, 573 So.2d 330 (Fla.1991); Garrison v. State, 553 So.2d 1377 (Fla. 2d DCA 1989). The trial court has the discretion to take into account any appropriate factor in arriving at a fair amount which will adequately compensate a victim for his or her loss and further the purposes of restitution. Hawthorne, 573 So.2d at 333. In ho event, however, cari the defendant be required to pay restitution in excess of the damage his criminal conduct caused the victim. Fresneda v. State, 347 So.2d 1021 (Fla.1977); Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991).
In this case, Garay not only paid for the replacement of the property, he was also required to pay the victim’s lost income. This award improperly combines two different measures of damage: it compensates the victim for the total and permanent loss of the property, and also permits the recovery of lost rental profits from the date of the taking until return of the property. In effect, Ga-ray was penalized for replacing the property. It was error to order restitution of lost profits.
Additionally, this court has held that lost profits or income are not recoverable under the 1993 version of the restitution statute, in the absence of bodily injury. See Stocks v. State, 687 So.2d 325 (Fla. 5th DCA 1997) (where defendant had been convicted of criminal mischief after discharging a rifle in a motel room, trial court properly disallowed a claim of $2,025 for the income lost while the room was undergoing repairs); Osteen v. State, 616 So.2d 1215 (Fla. 5th DCA 1993) (restitution statute precludes an award of lost business income incurred while renovating and restoring business premises after a burglary and theft). Because the statute permits an award of lost income in the presence of bodily injury, the Osteen court reasoned that an award of.lost income is precluded in the absence of bodily injury. 616 So.2d at 1217.
Finally, we agree that the victim’s lost profits appear too speculative to be recovered because they are based solely on the victim’s “estimates.” See Glaubius v. State, 688 So.2d 913 (Fla.1997). Anderson v. State, 703 So.2d 1105 (Fla. 5th DCA 1997).
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ., concur.

. § 812.014(2)(c)(l), Fla. Stat. (1993).

. § 775.089(l)(a)l, Fla. Stat. (1993).