KLEIN, J.
Appellant, as the guardian of Esther Wagner, entered into a contract with ap-pellee nursing home to provide care for Wagner. The contract provided for prevailing party attorney’s fees if the nursing home filed suit and was “a prevailing party in litigation against any party to this agreement.” The nursing home brought this action against the appellant, individually, for payments due. Appellant prevailed, because he had signed the contract only as the guardian. He claims he is entitled to attorney’s fees under section 57.105(2), Florida Statutes (1995) which makes a one-sided provision for prevailing party attorney’s fees in a contract reciprocal.
We agree that the trial court correctly refused to award fees. Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989), on which appellant relies, is distinguishable. In Katz our supreme court held:
*425 [W]hen parties enter into a contract and litigation later ensues over that contract, attorney’s fees may be recovered under a prevailing-party attorney’s fee provision contained therein even though the contract is rescinded or held to he unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist. It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney’s fees which were contemplated by that contract.
Id. at 1049 (emphasis added).
The present case is distinguishable from Katz in that in the present case no contract ever existed between these parties. This court recognized that distinction in Florida Medical Center, Inc. v. McCoy, 657 So.2d 1248 (Fla. 4th DCA 1995).
We do agree with the appellant that the trial court erred in dismissing his counterclaim on the ground that it was barred by the statute of limitations. Appellant’s counterclaim against the nursing home was grounded on fraud and alleged that when appellant signed the contract it was represented to him that the nursing home would not hold him individually liable. The trial court concluded that the four-year period of limitation barred the suit, assuming that the cause of action accrued at the time the contract was signed. Appellant could not have known, however, that the nursing home made a fraudulent misrepresentation at the time the contract was signed, because it would not have been apparent until the nursing home brought this suit against him on an individual basis. The period of limitations for fraud runs from the time the fraud is discovered or should have been discovered with the exercise of due diligence. § 95.031(2), Fla. Stat.
We therefore affirm the denial of attorney’s fees, but reverse the dismissal based on the statute of limitations and remand for further proceedings on the counterclaim. We decline the nursing home’s suggestion to consider, at this point, whether a cause of action has been stated.
WARNER, C.J., and TAYLOR, J., concur.