746 So.2d 1241 (1999)
Larry D. HAGAN
v.
STATE of Florida, Appellee.
No. 99-236.
District Court of Appeal of Florida, First District.
December 29, 1999.
*1242 Nancy A. Daniels, Public Defender, Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We affirm appellant's conviction and sentence, but reverse the restitution order and remand for redetermination of the amount of restitution, because the state failed to carry its burden of proving the amount of the victim's loss, as required by section 775.089(7), Florida Statutes (1997).
It is well established that in determining the amount of restitution, the trial court is not tied to the fair market value as the sole standard, but may exercise such discretion as is required to further the purpose of restitution, which is to compensate the victim and to serve the rehabilitative, deterrent, and retributative goals of the criminal justice system. Once it is determined that the victim's loss is equal to the fair market value, and that restitution in such amount will adequately compensate the victim and promote the purpose of restitution, the amount of restitution should then be established through direct testimony on the fair market value of the item at the time of the offense, or through evidence of (1) the original cost, (2) the manner in which the item was used, (3) the general condition and quality of the item, and (4) the percentage of depreciation. See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991); Mansingh v. State, 588 So.2d 636, 638 (Fla. 1st DCA 1991) (on reh'g).
In the instant case, the victim testified as to the purchase price and present value of his stolen sofa and end table, but he provided only purchase price amounts for the television and compact discs. On remand, the state must produce evidence of the fair market value of those items at the time of the offense, either through *1243 direct testimony, or through evidence of the four above factors.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BARFIELD, C.J., and ERVIN, J., CONCUR.
WOLF, J., DISSENTS WITH OPINION.
WOLF, J., dissenting.
I would affirm the decision of the trial court as to restitution. In State v. Hawthorne, 573 So.2d 330 (Fla.1991), the Florida Supreme Court held that there is no rigid standard of proof for restitution cases. See id. at 332. The trial court has discretion to take into account any appropriate factor in arriving at a fair amount which will adequately compensate the victim for his or her loss. See id. at 333. The trial court "is not tied to fair market value as the sole standard for determining restitution amounts, but rather may exercise such discretion as required to further the purposes of restitution." Id. In addition, when restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole. See Hercule v. State, 655 So.2d 1256, 1257 (Fla. 3d DCA 1995).
While it is the state's burden to present evidence to support the value of restitution, see Glaubius v. State, 688 So.2d 913, 915-916 (Fla.1997), where reasonable evidence exists, the appellate court should not interfere with the reasonable exercise of discretion by the trial court. See Hercule, 655 So.2d at 1258. I find the trial court's determination to be logical and reasonable based on the evidence presented. I would, therefore, find no abuse of discretion.
The majority finds fault with the valuations as to the television and compact discs because only the purchase price amounts were presented. Under the circumstances, these amounts were sufficient.
As to the compact discs, there were over 100 CDs which varied in price from $6.99 to $30 with an average price of $9.00. The trial judge valued the CDs at $500. While appellant generally attacks the entire valuation scheme, he does not specifically complain in his brief concerning this particular valuation. It is unclear what kind of testimony the majority would require as to the value of these discs. To address each one individually puts an undue burden on the court, the victim, and the attorneys which far outweighs any slight prejudice to the wrongdoer.
I would also find no abuse of discretion in determining that a TV that is only 13 months old and is in good working order retains most of its value to the victim. In Hawthorne, 573 So.2d at 333, the supreme court recognized that there are "instances when the market value of the property would not adequately reflect the victim's loss or when the consideration of the percentage of depreciation would be inequitable." Hawthorne, 573 So.2d at 333 (footnote omitted). The Hawthorne court gives the example of a new car which depreciates quickly when taken from the lot, and the court notes that application of such a depreciation model "would not serve the restitution statute's purpose of compensating the victim for the loss sustained as a result of the offense." Id. at 333 n. 5. In Hercule, the third district noted this part of Hawthorne and approved the full purchase price as restitution for chrome wheels which had been purchased two weeks earlier. See Hercule, 655 So.2d at 1257-1258. Similarly, a year is a relatively short time in the life of a TV set. The uninsured victim in this case is probably facing the prospect of buying a new TV in order to somewhat approximate his circumstances prior to the burglary as there is no reasonable way to replace it otherwise. I would find no abuse of discretion in the trial court determining that the set retained most of its value. Common sense dictates an affirmance.