795 So.2d 1112 (2001)
Jose SANTANA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-118.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
James B. Gibson, Public Defender, and Linda L. Gaustad, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Jose Santana (Santana) stole a motorcycle, destroyed it, got caught, and was convicted of grand theft. Now that the time has come for Santana to pay for it, he complains that the restitution order in the amount of $6,000 is excessive. We conclude that the amount of $6,000 as the fair *1113 market value of the motorcycle is correct based on the evidence in the record before us. However, reversal and remand are necessary to allow the State to submit evidence of the salvage value, if any, of the motorcycle so that it may be offset against the $6,000 amount.
The victim, Charles Chavous, a UCF student and part-time employee, paid $2,700 for the motorcycle. He testified that the original asking price of the motorcycle was $6,000, but because the seller was leaving the country that week, the seller accepted Mr. Chavous's offer. Mr. Chavous made approximately $800 worth of improvements to the motorcycle, raising his out-of-pocket expense to $3,500. The motorcycle was in perfect condition when it was stolen.
The motorcycle, recovered five months after it was stolen, had been extensively damaged: so much so that the trial court referred to it as having been destroyed. Mr. Chavous obtained an estimate from a motorcycle dealer which reflected a cost of $11,089.70 to repair the motorcycle. Mr. Chavous testified that the cost was so high because the parts would have to be specially ordered. However, he wanted the motorcycle repaired so he could use it again.
Defense counsel argued that $11,000 would not be a proper amount to award, contending that, at most, $6,000 was the fair market value. Defense counsel urged the trial court, however, that the restitution standard was the dollar amount that the victim had invested minus the salvage value of the motorcycle. The trial court disagreed, stating that its duty was to try, as nearly as possible, to put the victim back in the situation he was in when the theft occurred, noting that it had no testimony as to salvage value. Thus the court ordered $6,000 in restitution.
Trial courts are generally required to order a defendant to make restitution for damage or loss caused by the defendant's offense. § 775.089, Fla. Stat. (1999). The state attorney has the burden of proving the loss sustained by the victim by a preponderance of the evidence rather than to the exclusion of all reasonable doubt. § 775.089(7), Fla. Stat. (1999); Fisher v. State, 722 So.2d 873 (Fla. 1st DCA 1998); J.O.S. v. State, 668 So.2d 1082 (Fla. 1st DCA 1996), approved, 689 So.2d 1061 (Fla. 1997).
The primary objectives of restitution awards pursuant to section 775.089 are to give the criminal defendant an opportunity to make amends and to make the victim of a crime whole, at least to the extent it is possible to do so. L.O. v. State, 718 So.2d 155 (Fla.1998). However, a defendant cannot be required to pay restitution in excess of the damage his criminal conduct caused the victim. Fresneda v. State, 347 So.2d 1021 (Fla.1977); Garay v. State, 708 So.2d 631, 633 (Fla. 5th DCA 1998).
Thus the general rule is that the fair market value of property is deemed sufficient to compensate the victim of an offense for his or her loss. See State v. Hawthorne, 573 So.2d 330 (Fla.1991); Hagan v. State, 746 So.2d 1241 (Fla. 1st DCA 1999)[1]; K.F. v. State, 746 So.2d 493 (Fla. *1114 1st DCA 1999). The owner of property is generally considered to be qualified to testify as to the fair market value of that property at the time of theft. Id.; Fisher; see also Vickers v. State, 303 So.2d 700 (Fla. 1st DCA 1974), cert. denied, 315 So.2d 187 (Fla.1975).
Although defense counsel basically conceded at the restitution hearing that $6,000 was the fair market value, more problematic to our resolution of the issue before us is the failure of the State to submit evidence of the salvage value of the motorcycle. In Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997), the stolen ATV was recovered and presumably returned to the victim. The appellate court held that "[w]here stolen property is recovered, the amount of restitution ordered must be offset by the salvage value of the property returned." Id. at 616 (citation omitted). The court further held that the state has the burden of proving the loss suffered by the victim and this includes producing evidence of the salvage value of any recovered item of property that was taken during the course of the commission of the crime. The court concluded that reversal of the restitution order was required because "[w]ithout this evidence, the trial court was unable to properly carry out its duty to order restitution for the amount of the loss." Id.; see also Kern v. State, 726 So.2d 353 (Fla. 5th DCA 1999) (holding that upon remand, the state was required to present evidence, inter alia, of the salvage value of the car).
We conclude, as the court in Bowman did, that reversal of the order of restitution is required in the instant case. Accordingly, we reverse the restitution order and remand this case for the limited purpose of allowing the State the opportunity to introduce evidence of the salvage value, if any, of the motorcycle.
REVERSED and REMANDED.
PALMER, J., concurs.
GRIFFIN, J., dissents, without opinion.
NOTES
[1] Although fair market value is the general rule of thumb, it not the exclusive factor in determining the amount of restitution. In Hagan, the court summarized the law applicable to determining the amount of restitution:

It is well established that in determining the amount of restitution, the trial court is not tied to the fair market value as the sole standard, but may exercise such discretion as is required to further the purpose of restitution, which is to compensate the victim and to serve the rehabilitative, deterrent, and retributative goals of the criminal justice system. Once it is determined that the victim's loss is equal to the fair market value, and that restitution in such amount will adequately compensate the victim and promote the purpose of restitution, the amount of restitution should then be established through direct testimony on the fair market value of the item at the time of the offense, or through evidence of (1) the original cost, (2) the manner in which the item was used, (3) the general condition and quality of the item, and (4) the percentage of depreciation. See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991); Mansingh v. State, 588 So.2d 636, 638 (Fla. 1st DCA 1991) (on reh'g).
Hagan, 746 So.2d at 1242.