849 So.2d 1151 (2003)
J.F.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-696.
District Court of Appeal of Florida, Fifth District.
July 18, 2003.
*1152 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
The State has moved for rehearing of our opinion striking an order of restitution, expressing surprise that the measure of damages for the theft of personal property by the defendant would be fair market value, not replacement value, and asserting the right to a second restitution hearing to prove fair market value. It appears the weight of authority supports their demand. See, e.g., Fletcher v. State, 800 So.2d 309 (Fla. 2d DCA 2001); Santana v. State, 795 So.2d 1112 (Fla. 5th DCA 2001); Korica v. State, 791 So.2d 543 (Fla. 2d DCA 2001). Accordingly, we issue the following revised opinion:
The defendant below, J.F.H., was charged by delinquency petition with burglary of an unoccupied dwelling and grand theft of $300 or more but less than $20,000. He had apparently acted as a lookout while his two co-defendants took numerous items from the dwelling. J.F.H. pled nolo contendere to the charges. The trial court withheld adjudication of delinquency and placed J.F.H. on probation. J.F.H. now appeals, contending that the trial court erred in awarding $3,084.92 in restitution because the court failed to base its order on fair market value and to consider salvage value.
We find no error in the values ascribed to the several items at issue save one. Among the stolen items was a three-to-four-year-old computer. At the time of its return, it was inoperable. The victim replaced it by purchasing a new computer. The trial court awarded the purchase price of the new computer, $1,112.98. However, fair market value, not replacement value, is the correct measure of damages. No evidence of the fair market value of the used computer was offered so we remand for a new restitution hearing.
REVERSED and REMANDED.
SHARP, W., and ORFINGER, JJ., concur.
GRIFFIN, J., dissenting, with opinion.
GRIFFIN, J., dissenting.
I respectfully dissent from the opinion on rehearing because I can see no justification for a remand for a second restitution hearing to allow the State to prove the amount of restitution owed by the defendant. They had their opportunity at the first restitution hearing. This is not rocket science, it is one of the most elementary concepts of the law of damages. Moreover, plenty of restitution cases decided in Florida clearly set forth that the measure of damages for the loss of personalty is its fair market value, absent exceptional circumstances. In this case, there are no *1153 such exceptional circumstances. Here, rather than offer evidence of the fair market value of the item, the State only offered proof of a different measure of damagescost of replacement. Anywhere else in law, this would be a failure of proof that would prevent entry of an award. Certainly in a civil case, if the plaintiff proves facts only to support the wrong measure of damages, the plaintiff would not be entitled to a new trial to try again. See, e.g., Van Der Noord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985).
In common parlance, there is no "second bite at the apple." Id. at 1230. When it comes to restitution hearings, however, apparently the State gets as many hearings as it needs to get its proof right. In other aspects of sentencing, the Supreme Court of Florida has taken the view that sentencing ought not to be a "work in progress" where the parties keep having hearings and having "do-overs" until the product meets the requirements of law. See Justice v. State, 674 So.2d 123, 126 (Fla.1996). See also Ashley v. State, 28 Fla. L. Weekly S18, ___ So.2d ___, 2003 WL 60564(Fla. Jan. 9, 2003). That ought to be the rule for restitution also. "Do-over" hearings lead to an undesirable lack of finality and multiple appeals. Id. Our case books are full of these cases where the State did not offer competent evidence of restitution, resulting in an appeal where the appellate court reverses, explains to the State who should testify and about what they should testify and then sends it back for a second hearing. See, e.g., Fletcher v. State, 800 So.2d 309 (Fla. 2d DCA 2001); Santana v. State, 795 So.2d 1112 (Fla. 5th DCA 2001); Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990); Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989). This is wasteful and expensive and ought to be unnecessary.
There is some suggestion that the "doover" rule applies to restitution because of the important public policy involved in compensating victims of crime. I do not see, however, why this important goal should encourage sloppy preparation and waste of judicial resources. In many of these cases, the cost to the State of the second restitution hearing is far greater than the restitution that will be awarded, much less collected for the victim. If restitution is important, it should be important enough to do correctly at the hearing designated for that purpose. I have a hunch that with just a little training, assistant state attorneys could learn to do this.