IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.J.A., A CHILD,

      Appellant,

 v.                                                                              Case No.  5D16-3248

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 7, 2017

Appeal from the Circuit Court
for Orange County,
Sally D.M. Kest, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      A.J.A., a child, appeals the portion of the order of restitution that requires him to

pay the victim for repairs to the victim's car bumper, which was damaged by bullets flying

through the air during an attempt by Appellant and other juveniles to rob the victim.[1] Appellant made a timely hearsay objection when the State attempted to prove the cost of that repair based only upon a repair estimate. The victim testified that he received the estimate, but could not otherwise provide a basis for the estimate's admissibility. The trial court erred in overruling the hearsay objection and further erred in relying upon the estimate as the only evidence upon which to base that portion of the restitution order. The State concedes error. We reverse that portion of the restitution order and remand for a new hearing on that issue.

The burden of proving the amount of restitution is on the State, and the amount must be proven by a preponderance of the evidence. *See* § 775.089(7), Fla. Stat. (2016); *Santana v. State*, 795 So. 2d 1112, 1113 (Fla. 5th DCA 2001). Restitution must be proven by substantial competent evidence. *J.L.C. v. State*, 189 So. 3d 260, 261 (Fla. 2d DCA 2016). Repair estimates have been held to be hearsay and cannot support a restitution award if an objection is lodged. *See, e.g.*, *Williams v. State*, 850 So. 2d 627, 627 (Fla. 2d DCA 2003) ("The trial court's restitution award was [improperly] based on these two estimates, which were purely hearsay.").

The case is remanded for a new restitution hearing, in which the State may be able to establish the cost of repair by presenting admissible competent substantial evidence. In all other respects, the order of restitution is affirmed. We acknowledge and appreciate the professionalism with which counsel on both sides addressed the sole issue on appeal.

AFFIRMED in part; REVERSED in part; and REMANDED for rehearing.

SAWAYA and ORFINGER, JJ., concur.

---

[1] The victim turned the tables on the gun-toting robbers when he pulled his own pistol and began firing. No one was shot, but several nearby cars were hit by bullets.