DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL R. MAISONNEUVE** and **CYNTHIA A. MAISONNEUVE,**
Appellants,

v.

**SITUS INVESTMENTS, LLC,** a Pennsylvania limited liability company,
Appellee.

No. 4D20-2397

[August 18, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Elizabeth A. Metzger, Judge; L.T. Case No. 562018CA001376AXXXXHC.

Michael Vater and Kendrick Almaguer of The Ticktin Law Group, Deerfield Beach, for appellants.

Loretta Comiskey O'Keeffe of Gibbons | Neuman, Tampa, for appellee.

WARNER, J.

The trial court denied attorney's fees and costs to appellants/mortgagors who prevailed against the appellee/mortgagee in a foreclosure action. Because the mortgagors proved that the contract existed between the parties, although unenforceable, and the mortgagors were the prevailing parties, they were entitled to attorney's fees and costs. We reverse and remand for further proceedings.

In 2001, mortgagors executed a mortgage and promissory note with the original lender, GMAC Mortgage Corporation. Both the mortgage and the promissory note provided for attorney's fees. The mortgage was ultimately assigned multiple times before being assigned to appellee Situs Investments, LLC (mortgagee). In July 2018, mortgagee filed a verified complaint for foreclosure, with the note and mortgage attached. Mortgagors answered, alleging as an affirmative defense that the statute of limitations prevented the enforcement of the mortgage. The note provided for payments for ten years, with a balloon payment due in 2011. No further payments were due. The mortgagee was required to sue to foreclose within five years of the date of the last payment required under

the mortgage. *See* § 95.11(2)(c), Fla. Stat. (2011). Ultimately, the trial court ruled on summary judgment that the contract was unenforceable due to the statute of limitations. Mortgagors then moved for attorney's fees and costs, pursuant to the attorney's fees provision in the mortgage and note, as well as section 57.105(7), Florida Statutes. The trial court denied fees based on *Deutsche Bank Trust Co. Americas v. Page*, 274 So. 3d 1116 (Fla. 4th DCA 2019), and *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017). The mortgagors appeal that ruling.

In *Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953 (Fla. 2020), the supreme court quashed our decision in *Page* and abrogated the decision in *Glass*. Both decisions held that where the mortgagor prevails by proving that the foreclosing plaintiff did not have standing to bring the foreclosure action, the mortgagor was not entitled to attorney's fees pursuant to section 57.105(7), and the mortgage contract. We had reasoned that where a party prevails by showing that the plaintiff had no right to foreclose under the contract, the mortgagor could not take advantage of the same contract to obtain attorney's fees.

Interpreting section 57.105(7), the supreme court in *Page* held that the statute contains two clauses: first, there must be a contract which contains a fee provision, and second, a party must prevail in an action with respect to the contract. *Id.* at 959. Based on the facts, the court concluded that it was undisputed that the mortgage contract contained an attorney's fees provision, thus satisfying the first clause. Also, there was no question that the mortgagor had prevailed in the action with respect to the contract when the court dismissed the case for lack of standing, thereby satisfying the second clause. *Id.*

Applying *Page* to this case, it is undisputed that a contract existed between the parties, which contract was assigned to the foreclosing party. Second, the mortgagors prevailed in an action with respect to the contract. Therefore, the mortgagors were entitled to attorney's fees pursuant to section 57.105(7).

That the trial court declared the mortgage unenforceable because of the statute of limitations does not change the result. In *Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989), the Florida Supreme Court held that for the purpose of determining whether an award of attorney's fees is proper under a contract's prevailing party fee provision, "[t]he distinction between no contract at all and one that is unenforceable makes all the difference . . . ." *Id.* at 1049 (quoting *Leitman v. Boone*, 439 So. 2d 318, 320 (Fla. 3d DCA 1983)). Relying on *Katz*, we later held that "[w]hen parties enter into a contract and litigation later arises out of the contract,

the prevailing party may recover attorney's fees under a prevailing party attorney's fee provision, even though the contract is rescinded or rendered unenforceable by some subsequent act." *Tarr v. Honea*, 959 So. 2d 780, 781 (Fla. 4th DCA 2007) (citing *Katz*, 546 So. 2d at 1049). Here, the contract existed. The fact that it was determined to be unenforceable does not prevent mortgagors from recovering attorney's fees pursuant to its provisions when they prevailed on the action with respect to the contract.

For the foregoing reasons, we reverse and remand for further proceedings to award the mortgagors their attorney's fees and costs.

CONNER, C.J., and GROSS, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3