637 So.2d 348 (1994)
Steven Ward LUNSFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1988.
District Court of Appeal of Florida, Fifth District.
May 27, 1994.
James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kristen L. Davenport, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Lunsford appeals the imposition of restitution for property damage after he pled nolo contendere to one count of aggravated battery for hitting Shawn Morris with a metal pipe.[1] Lunsford claims the trial court erred in failing to set a restitution hearing, after counsel objected to the imposition of restitution and requested that the state submit evidence to support its claim. We agree and reverse.
At the plea hearing the state requested restitution of $248 for medical bills and $2,200 for damage to the victim's car. When defense objected the judge agreed to set a restitution hearing, but none was held. Several months later, Lunsford was represented by a different attorney at the sentencing hearing. He moved for a one month continuance so Lunsford's attorney could be present. However, the trial judge denied the motion and summarily sentenced Lunsford to ten years probation, conditioned on restitution of $2,458.55.
Section 775.089(7), Florida Statutes (1991) puts the burden of demonstrating the amount of loss to be compensated for by restitution on the state. See also Bolling v. State, 631 So.2d 310 (Fla. 5th DCA 1994) (state has burden of proving loss); Vanlieu v. State, 630 So.2d 1218 (Fla. 5th DCA 1994) (if objection to amount of restitution, state must establish amount at hearing). In this case, the amount of restitution was objected to by the defendant and the trial judge assured *349 him a hearing would be scheduled. None was ever held. Therefore, this cause must be reversed and the cause remanded to hold a restitution hearing as promised.
REVERSED and REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.
NOTES
[1] § 784.045(1)(a)(2), Fla. Stat. (1991).