BLUE, Judge.
David Noonan appeals his convictions for arson and burning to defraud an insurance company, raising five issues, two of which have merit. We affirm the remaining issues without discussion. We reverse the imposition of restitution because the trial court entered the order of restitution without any evidence to support the amount, over the objection of Noonan. We also reverse the imposition of the public defender lien and investigative costs.
At sentencing, Noonan requested a restitution hearing but waived his right to be present at the hearing. When a defendant objects to restitution and requests proof by the State of the restitution amount, he is entitled to separate hearing. See Lunsford v. State, 637 So.2d 348 (Fla. 5th DCA 1994); Goodson v. State, 400 So.2d 791, 793 (Fla. 2d DCA 1981). Waiving the right to be present at the restitution hearing does not waive the right to require the State to prove the amount of restitution. Judge Webb, at the *636 sentencing hearing, acknowledged that Noo-nan wished to contest the amount of restitution. The party requesting restitution was not present at sentencing and no evidence was offered as to the amount of restitution other than the State’s representation of the amount claimed. In spite of Noonan’s objection and the lack of evidence, the court ordered restitution in the amount of $46,970.51, the amount suggested by the State. We reverse the order of restitution and remand for a proper restitution hearing. Although Noonan had previously waived his right to attend the restitution hearing, we conclude he should be allowed the opportunity to appear unless he again waives that right.
The trial court improperly imposed a $2000 public defender lien without a request for a Hen by the public defender, documentation or other justification for the amount imposed, or notice to Noonan of his right to contest the amount of the lien. The court also erred by imposing $80 in investigative costs without a request for the costs or supporting documentation in the record. Accordingly, we strike the assessments of the public defender lien and the investigative costs.
Noonan’s convictions are affirmed; the order of restitution is reversed and remanded for hearing; the pubhc defender lien, and investigative costs are stricken.
ALTENBERND, A.C.J., and GREEN, J., concur.