746 So.2d 1189 (1999)
Daniel Allen STRICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 98-05001.
District Court of Appeal of Florida, Second District.
December 10, 1999.
Steven Herman of Steven Herman, P.A., Zephyrhills, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
Daniel Strickland appeals from a judgment, sentence, and probation order which requires a restitution payment of $10,000 to the Crimes Compensation Trust Fund (the Fund). We reverse the $10,000 award and remand for a restitution hearing; otherwise, we affirm Strickland's judgment and sentence.
As a result of Strickland's robbery conviction, the court awarded a total of $11,646 in restitution. At the sentencing hearing, the prosecutor stated that the victim had over $11,000 in medical bills and that *1190 the Fund had paid $10,000 of those expenses. The prosecutor explained that the victim incurred a loss of $1,646 which included the money stolen from her purse, replacement of her broken glasses, and income she lost from missing work. The court awarded $10,000 to the Fund and $1,646 directly to the victim. Defense counsel requested a restitution hearing as to the $10,000. The prosecutor volunteered the document reflecting the amount the Fund had paid, and the trial court then stated it would not require a hearing.
The legislature has provided for assistance to crime victims, and in doing so, created the Crimes Compensation Trust Fund. See § 960.21, Fla. Stat. (1997). Section 960.17, Florida Statutes (1997), provides that any payment of benefits to a victim under chapter 960 "shall create an obligation of restitution in accordance with s. 775.089." In turn, section 775.089(1)(a), Florida Statutes (1997), provides, "Payment of an award by the Crimes Compensation Trust Fund shall create an order of restitution to the Crimes Compensation Trust Fund, unless specifically waived in accordance with subparagraph (b)1." However, section 775.089(7), Florida Statutes (1997), states, "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." Thus, section 775.089(7) contemplates an evidentiary hearing when there is a dispute as to restitution.
"When a defendant objects to restitution and requests proof by the State of the restitution amount, he is entitled to separate hearing." Noonan v. State, 709 So.2d 635 (Fla. 2d DCA 1998). At the sentencing hearing, Strickland requested a hearing on the $10,000 restitution amount. The assistant state attorney referred to a document reflecting the amount of money that the Fund had paid. That document, however, is not in our record. In fact, nothing in the record, except the prosecutor's assertion at the hearing, reflects a payment by the Fund. Therefore, we reverse the restitution order and remand for a restitution hearing on the $10,000 award. We note that Strickland did not object to the $1,646 restitution award payable directly to the victim. Therefore, he has not preserved that issue for review, and we affirm with respect to the victim's restitution award.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and STRINGER, JJ., Concur.