ON MOTION FOR REHEARING

PER CURIAM.
The State has moved for rehearing of our opinion striking an order of restitution, expressing surprise that the measure of damages for the theft of personal property by the defendant would be fair market value, not replacement value, and asserting the right to a second restitution hearing to prove fair market value. It appears the weight of authority supports their demand. See, e.g., Fletcher v. State, 800 So.2d 309 (Fla. 2d DCA 2001); Santana v. State, 795 So.2d 1112 (Fla. 5th DCA 2001); Korica v. State, 791 So.2d 543 (Fla. 2d DCA 2001). Accordingly, we issue the following revised opinion:
The defendant below, J.F.H., was charged by delinquency petition with burglary of an unoccupied dwelling and grand theft of $300 or more but less than $20,000. He had apparently acted as a lookout while his two co-defendants took numerous items from the dwelling. J.F.H. pled nolo con-tendere to the charges. The trial court withheld adjudication of delinquency and placed J.F.H. on probation. J.F.H. now appeals, contending that the trial court erred in awarding $3,084.92 in restitution because the court failed to base its order on fair market value and to consider salvage value.
We find no error in the values ascribed to the several items at issue save one. Among the stolen items was a three-to-four-year-old computer. At the time of its return, it was inoperable. The victim replaced it by purchasing a new computer. The trial court awarded the purchase price of the new computer, $1,112.98. However, fair market value, not replacement value, is the correct measure of damages. No evidence of the fair market value of the used computer was offered so we remand for a new restitution hearing.
REVERSED and REMANDED.
SHARP, W., and ORFINGER, JJ., concur.
GRIFFIN, J., dissenting, with opinion.