866 So.2d 749 (2004)
Immon Nabil IBRAHIM, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1584.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
*750 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Immon Nabil Ibrahim appeals the amount of restitution imposed after he pled guilty to burglary of a dwelling and grand theft. Ibrahim and his co-defendants burglarized the victim's home, stealing a safe containing valuables. After a hearing, the trial court ordered restitution in excess of $40,000 for the items taken.
Ibrahim contends that the court erred when it ordered restitution for the stolen safe, which the victim testified cost $350, but was replaced with a more secure safe at a cost of $1,007. There was no testimony as to the fair market value of the safe at the time it was taken.
Generally, fair market value, not replacement value, is the correct measure of damages. J.F.H. v. State, 849 So.2d 1151, 1152 (Fla. 5th DCA 2003). Fair market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation. Korica v. State, 791 So.2d 543, 544 (Fla. 2d DCA 2001). Fair market value of the property should be used for restitution purposes, unless that amount will not fully compensate the victim. State *751 v. Hawthorne, 573 So.2d 330 (Fla.1991).[1] Additionally, the State concedes that the trial court erroneously awarded restitution in the amount of $2,400 for an 18 carat gold rope chain, when the victim testified that the value of the chain at the time of the theft was $2,300.
We affirm the restitution order except as to the two items referenced herein. On remand, the court shall reduce the restitution award for the gold chain by $100. The State may request a new restitution hearing to establish the fair market value of the safe if it so chooses. See J.F.H., 849 So.2d at 1152. Otherwise, the value assigned by the trial court for the safe shall be stricken.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] In its answer brief, the State argues other errors in the restitution order. As those matters were not preserved for appeal, we need not consider them.