869 So.2d 670 (2004)
John KIRK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1656.
District Court of Appeal of Florida, Fifth District.
April 2, 2004.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
This is an appeal of an order of restitution. We affirm.
On October 17, 2002, defendant below, John Kirk ["Kirk"], was charged by information with aggravated battery, a second-degree felony. Kirk entered into a plea agreement, whereby he pled guilty, adjudication was withheld, he was sentenced to twenty-four months probation and was ordered to pay restitution.
At the hearing on restitution, the State informed the court that it was seeking *671 repayment to the Division of Victim Services ["Division"] in the amount of $2,047.00. The State offered in evidence a sealed document from the Division listing the medical bills the Division had reimbursed. Counsel for Kirk objected: "I don't think it by itself, without at least a custodian of record or something, can survive a hearsay objection, which we would make." The State replied that, as a sealed document, it was self-authenticating. The court overruled Kirk's objection and the document was admitted into evidence. The court then heard the issue of Kirk's ability to pay, and ordered Kirk to pay $35.00 per month in restitution to the Division through the Clerk of the Court.
The document referred to above and admitted into evidence at the restitution hearing is an affidavit bearing the heading: "Office of the Attorney General Division of Victim Services and Criminal Justice Programs" and a seal of the Attorney General of the State of Florida. The affidavit is sworn and notarized, and provides:
I, Angela Buckhanan, Program Administrator for the Division of Victim Services and Criminal Justice Programs, Office of the Attorney General, do hereby certify and attest that the attached record is a true copy of the original Payment Information and Crime Information screens for claim number XXXX-XXXXXX for crime victim Christopher Blackley. The Payment Information and Crime Information screens are produced by the Victim Assistance Net which is operated and maintained by the Division of Victim Services and Criminal Justice Programs, Office of the Attorney General, Tallahassee, Florida. The Payment Information and Crime Information screens contain a compilation of data which reflects the activities of the Bureau of the Victim Compensation, Division of Victim Services and Criminal Justice Programs; namely, payment of victim compensation benefits to crime victims and providers on behalf of victims.
The Payment Information and Crime Information screens were attached to the affidavit, showing a total amount of $2,047.00 was paid on behalf of the victim for medical services to Brevard Emergency Services ($93.00), Radiology Associates of Brevard ($15.00), Space Coast Pathologists ($20.00), P.A., University of Florida-Jacksonville ($469.00) and Holmes Regional Medical Center ($1,450.00).
Kirk contends on appeal that the trial court erred in awarding restitution because the document alone was not sufficient to support the award. The State responds that no error has been shown because payment of restitution to the Bureau of Victim Compensation is specifically authorized by section 960.17(1), Florida Statutes (2003), and the documentation provided by the State to prove the amount of restitution was admissible as a self-authenticating public record under sections 90.803(8) and 90.902(1), Florida Statutes. The State contends that the document was sufficient to prove the amount of restitution by a preponderance of the evidence.
The public records exception to the hearsay rule provides for the admissibility of public records as follows:
Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.
§ 90.803(8), Florida Statutes (2003). Professor Ehrhardt explains that "records *672 showing the receipts and disbursements of a governmental department" are included within this section. CHARLES EHRHARDT, FLORIDA EVIDENCE § 803.8 (2003 ed.). The payment forms attached to the affidavit in the present case include the victim and claim number; to whom the amount was paid; the amount of the payment; the date the payment was authorized; the date the payment was paid; and the check number. These documents are within the public records exception to the hearsay rule and contain the requisite trustworthiness.
The document was also self-authenticating and thus did not require extrinsic evidence of authenticity. Section 90.902, Florida Statutes (2003), states a self-authenticating document is:
(1) A document bearing:
(a) A seal purporting to be that of the United States or any state, district, commonwealth, territory, or insular possession thereof; ... or a court, political subdivision, department, officer or agency of any of them; and
(b) A signature by the custodian of the document attesting to the authenticity of the seal.
The trial court did not err in admitting the documents to determine the amount of restitution.[1]
AFFIRMED.
THOMPSON and PLEUS, JJ., concur.
NOTES
[1] Kirk also argues that the Division is not entitled to restitution because it does not qualify as a "victim." Section 960.17(1), Florida Statutes (2003), which governs victim assistance by the Department of Legal Affairs/Office of the Attorney General, provides:

Any payment of benefits to, or on behalf of, a victim or other claimant under this chapter creates a debt due and owing to the state by any person found, in a civil, criminal, or juvenile court proceeding in which he or she is a party, to have committed such criminal act. Such payment shall create an obligation of restitution in accordance with s. 775.089.