PER CURIAM.
Andrew Smith appeals the amount of restitution imposed on him after pleading guilty to grand theft. Smith and his co-defendants burglarized the victim’s home, stealing a safe containing valuables. After a hearing, the trial court ordered restitution in excess of $40,000 for the items taken.
We find merit only in Smith’s contention that the trial court imposed restitution for the safe based upon the replacement cost of a new and more secure safe. It is undisputed that the original safe cost only $350. There was no testimony as to the fair market value of the original safe at the time it was stolen.
Consistent with our holding in co-defendant Immon Nabil Ibrahim’s case, we reverse the ordered restitution for the stolen safe; fair market value, not replacement value is the correct measure of damages. See Ibrahim v. State, 866 So.2d 749, 29 Fla. L. Weekly D410 (Fla. 5th DCA Feb.13, 2004).
We affirm the restitution order except as to the stolen safe and remand to allow the State to request a new restitution hearing to establish the fair market value of the safe, if it chooses. See J.F.H. v. State of Florida, 849 So.2d 1151, 1152 (Fla. 5th DCA 2003). If the State does not request a new restitution hearing, the trial court shall reduce the amount of restitution by $1,007.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PETERSON, PALMER and ORFINGER, JJ., concur.