NORTHCUTT, Judge.
Donald Payne challenges the amount of restitution imposed after he pleaded no contest to one count of felony battery. We agree that the State failed to prove that the victim’s damages were caused by Payne’s offense or were directly related to *622 the criminal episode. See § 775.089(l)(a), Fla. Stat. (2001). We therefore reverse the restitution order and remand for a new hearing.
The State’s only evidence concerning the amount of the victim’s loss was a report and payment record from the Crimes Compensation Trust Fund, which showed it had paid the victim $5324 for undescribed medical and mental health treatment. Payne’s counsel objected to setting the restitution based solely on this document. He asked for a specific breakdown of the compensated medical procedures, arguing such a breakdown was necessary to determine whether the payments made were actually related to Payne’s crime. The court denied counsel’s request, finding that chapter 960, Florida Statutes (2001), which contains the provisions related to the Crimes Compensation Trust Fund, required it automatically to award the restitution sought by the Fund. But the court was concerned that its interpretation of the statute might present due process problems.
Section 960.17(1) provides:
Any payment of benefits to, or on behalf of, a victim or other claimant under this chapter creates a debt due and owing to the state by any person found, in a civil, criminal, or juvenile court proceeding in which he or she is a party, to have committed such criminal act. Such payment shall create an obligation of restitution in accordance with s. 775.089.
(emphasis supplied). Section 775.089(l)(a) states that “[pjayment of an award by the Crimes Compensation Trust Fund shall create an order of restitution to the Crimes Compensation Trust Fund, unless specifically waived in accordance with sub-paragraph (b)l.” Curiously, subparagraph (b)l. does not discuss waiver but instead provides that “[i]f the court does not order restitution, or orders restitution of only a portion of the damages, as provided in this section, it shall state on the record in detail the reasons therefor.” § 775.089(l)(b)(l). In construing two subsections of the same statute, we read the subsections in pari materia. See State v. Riley, 638 So.2d 507, 508 (Fla.1994) (stating that when interpreting two subsections of the same statute, the subsections should be read in pari materia). Doing so in this instance leads to the conclusion that the circuit court has discretion not to award the entire amount requested by the Crimes Compensation Trust Fund. Cf. Strickland v. State, 746 So.2d 1189, 1190 (Fla. 2d DCA 1999) (construing the foregoing statutes and holding that, even when the Crimes Compensation Trust Fund seeks restitution, a defendant is entitled to an evidentiary hearing if he or she objects).
While Payne did receive a restitution hearing, the State’s evidence did not meet its burden of establishing that the amounts the Trust Fund paid were connected to Payne’s crime. See § 775.089(7). In this regard, we note that the Trust Fund’s documents in this case differed from the documents from the Division of Victim Services introduced in Kirk v. State, 869 So.2d 670 (Fla. 5th DCA 2004). In Kirk, the documents included the victim’s medical bills. Those bills showed the name of each medical provider and the amount Victim Services paid for each specific treatment. Here, the Trust Fund’s documents merely revealed reimbursements to the victim for mental health and medical services. Although the documents established the dates of care, they did not show the names of the providers or the types of services furnished. Although the listed dates do show that some of the services occurred around the time of the crime, others were not provided until several months later.
*623 To award restitution, the court must find that the victim’s loss is causally-connected to and bears a significant relationship to the defendant’s offense. Glaubius v. State, 688 So.2d 913, 915 (Fla.1997). The State simply did not supply this proof. See, e.g., A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996) (noting that testimony linking medical bills to victim’s injuries was sufficient to show the loss related to the defendant’s offense). We reverse and remand for a new restitution hearing.
STRINGER and COVINGTON, JJ., Concur.