MONACO, J.
J.D.H. appeals an order rendered by the trial court ordering him to pay as restitution the original purchase price of a two and a half year old dirt bike that he had stolen. Because the fair market value of the stolen item is the correct measure, we reverse.
At the restitution hearing held in April of 2005, the victim testified from his bill of sale that he paid $2,436.96 for the dirt bike when he purchased it in October of 2002. He testified, as well, that the motorcycle was in excellent shape. There was no testimony regarding the fair market value of the bike, nor was there any evidence that would demonstrate the effect of the lapse of time and the condition of the bike on the fair market value. The trial judge simply adopted the victim’s purchase price in setting the restitution amount.
We review an order of restitution using an abuse of discretion standard. See Koile v. State, 902 So.2d 822 (Fla. 5th DCA), review granted, 905 So.2d 892 (Fla. 2005); Bernard v. State, 859 So.2d 560, 562 (Fla. 5th DCA 2003). If the award of restitution is supported by competent evidence, an appellate court should not interfere with the trial court’s reasonable exercise of discretion. Bernard, 859 So.2d at 562.
This court has held that, absent special circumstances, the fair market value, not the replacement value is generally the correct measure of damages. Ibrahim v. State, 866 So.2d 749, 750 (Fla. 5th DCA 2004); see also Walters v. State, 888 So.2d 150 (Fla. 5th DCA 2004); J.F.H. v. State, 849 So.2d 1151, 1152 (Fla. 5th DCA 2003). A determination of the fair market value takes into consideration the original market cost, the manner in which the item was used, the general condition and quality of the item, and the percentage of depreciation. Negron v. State, 306 So.2d 104 (Fla.1974), receded from on other grounds by, F.B. v. State, 852 So.2d 226 (Fla.2003). Courts are not required to use the fair market value as the sole standard of determining restitution, but where the fair market value would provide adequate compensation to the victim or serve other purposes of restitution, the value of the property should be established through the *243 factors listed in Negron. State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991). Here, fair market value should have been used. Market cost alone was insufficient.
Accordingly, we reverse the restitution order and remand for a new restitution hearing consistent with this opinion.
REVERSED AND REMANDED.
PLEUS, C.J. and SHARP, W., J., concur.