EVANDER, J.
Notwithstanding the State’s confession of error, we affirm the trial court’s restitution order.
In a restitution proceeding, it is the State’s burden to prove the amount of loss for restitution purposes. Domaceti v. State, 616 So.2d 1148 (Fla. 4th DCA 1993). The burden of proof is by a preponderance of the evidence. Santana v. State, 795 So.2d 1112 (Fla. 5th DCA 2001). Fairmarket value is generally the appropriate value to be utilized in determining the amount of restitution. Ibrahim v. State, 866 So.2d 749 (Fla. 5th DCA 2004).
In the present case, appellant was adjudicated guilty of grand theft. He had stolen a firearm, a holster and a small amount of ammunition from the victim. The victim testified as to the date he purchased each of these items, the respective purchase prices, their condition at the time of the theft, and their respective replacement values. Although the victim did not use the term “fair market value” in his testimony, the trial court specifically found the fair market value of the pistol was $700, the holster $50, and the ammunition $10.
We review an order of restitution using an abuse of discretion standard. State v. Hawthorne, 573 So.2d 330 (Fla.1991). The issue is whether the restitution order was supported by competent evidence. J.D.H. v. State, 931 So.2d 241 (Fla. 5th DCA 2006).
Here, there was competent evidence to support the trial court’s conclusion as to the fair market value of each of the stolen items. As we have previously stated: “Fair market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation.” Ibrahim, 866 So.2d at 750.
AFFIRMED.
TORPY and LAWSON, JJ., concur.