993 So.2d 135 (2008)
Jerry Wayne BOX, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1822.
District Court of Appeal of Florida, Fifth District.
October 24, 2008.
James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Jerry Box, takes this appeal from an order of the trial court requiring him to make restitution to the victim of the battery of which he was convicted by a jury. Mr. Box argues, first, *136 that the hearsay evidence produced at the restitution hearing was insufficient in that it did not causally connect the restitution awarded to the offense suffered by the victim. Secondly, Mr. Box argues that his Sixth Amendment right to confrontation of witnesses was violated by the use of hearsay evidence at the restitution hearing. We reject both positions.
Mr. Box and the victim had a dispute resulting in a number of physical injuries to the victim. Although originally charged with robbery and felony battery, a jury found Mr. Box not guilty of robbery, but guilty of battery, a lesser included offense of felony battery. His subsequently imposed sentence included an order of restitution for medical expenses paid by the Office of the Attorney General, Division of Victim Services and Criminal Justice Programs (the "Division"), on behalf of the victim.
The only evidence produced by the State at the restitution hearing consisted of two affidavits that were presented as self-authenticating public records setting forth the amount of money paid by the Division on behalf of the victim. Attached to the affidavits were true copies of payment information produced by the Victim Assistance Net, an organization operated by the Division. The vouchers attached included the claim number, victim's name, name of the payee, service dates, the amount paid and the reason paid. Mr. Box objected to the introduction of these documents asserting, first, that he was unable to determine whether the payments were causally related to the battery; and, second, that he was unable to confront the author of the documents. Based on these affidavits and their attachments, however, the trial court found that the State had shown by a preponderance of the evidence that the Division was entitled to restitution. After subsequent hearings at which two charges were eliminated from the amount because causality was unclear, the trial court entered the final restitution judgment now being appealed.
We review restitution orders using an abuse of discretion standard. See J.D.H. v. State, 931 So.2d 241 (Fla. 5th DCA 2006); Bernard v. State, 859 So.2d 560 (Fla. 5th DCA 2003). Thus, if the award is supported by substantial competent evidence, we will not interfere with the trial court's reasonable exercise of discretion. Bernard, 859 So.2d at 562.
To award restitution, a trial court must find that the victim's loss is causally connected to and bears a significant relationship to the defendant's offense. Glaubius v. State, 688 So.2d 913, 915 (Fla.1997). It is the burden of the State to prove the amount of loss for restitution purposes by a preponderance of the evidence. H.L.C. v. State, 950 So.2d 1268, 1269 (Fla. 5th DCA 2007) (citations omitted). In order to prove the amount of restitution owed to the Division, we have previously held that the State may introduce into evidence, based on the public records exception to the hearsay rule,[1] a sworn and notarized affidavit of the almost identical type, and containing the same information that was used here. Kirk v. State, 869 So.2d 670 (Fla. 5th DCA 2004). We held in Kirk that those records alone were sufficient to support the amount of the award. As we can discern no distinction between the evidence in this case and that approved in Kirk, we disagree with Mr. Box with respect to his first argument.
The Confrontation Clause argument is more intriguing. Mr. Box argues that the Sixth Amendment right to confrontation applies to restitution hearings and that his *137 right was violated when he was not provided the opportunity to confront the author of the affidavit and the documents attached thereto. At the threshold we must determine whether the rule delineated in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), applies to sentencing proceedings, and by extension to restitution hearings. Crawford, of course, held that where "testimonial [hearsay] evidence is at issue, ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Crawford, 541 U.S. at 68, 124 S.Ct. 1354.
Mr. Box relies on several Florida cases suggesting that the Confrontation Clause applies at sentencing proceedings. In Rodgers v. State, 948 So.2d 655, 663 (Fla. 2006), cert. denied, ___ U.S. ___, 128 S.Ct. 59, 169 L.Ed.2d 50 (2007), for example, the Florida Supreme Court held that a defendant's rights under the Confrontation Clause apply to the guilt phase, the penalty phase, and sentencing phases of a capital case. Id. The Rodgers majority cited Rodriguez v. State, 753 So.2d 29, 43 (Fla.), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000), for the proposition that "the Sixth Amendment right of confrontation applies to all three phases of the capital trial." See also Way v. State, 760 So.2d 903, 917 (Fla.2000) (stating that the confrontation clause applies to sentencing proceedings), cert. denied, 531 U.S. 1155, 121 S.Ct. 1104, 148 L.Ed.2d 975 (2001); Engle v. State, 438 So.2d 803, 814 (Fla. 1983) (holding that a defendant has the right to confrontation and cross-examination of the author in the event he wishes to dispute the truth of a presentence report), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984). See also Desue v. State, 908 So.2d 1116, 1117 (Fla. 1st DCA) (in which the court assumed for the purposes of deciding the case before it that the Crawford rule applies at sentencing), review denied, 920 So.2d 626 (Fla.2005).
The principal cases relied upon by the Rodgers majorityRodriguez, Way and Englewere all decided prior to Crawford, and all involved capital cases in which the jury hears evidence of mitigating and/or aggravating factors prior to making its sentencing recommendation. Justice Cantero's concurring opinion in Rodgers pointed out that with respect to sentencing, the Confrontation Clause has only been applied to capital cases, and suggests that "[v]irtually every federal appellate court has recently addressed the issue and has reaffirmed the longstanding principle that the Confrontation Clause does not apply to sentencing." Rodgers, 948 So.2d at 674. (Emphasis in original).
The analysis generally engaged in by courts considering the issue is basically that because the right of confrontation is a trial right, it applies during the guilt or innocence phase of a prosecution, but not to sentencing. Sentencing in the non-capital context is not conceived of as part of the trial. See State v. Rodriguez, 738 N.W.2d 422, 430 (Minn.Ct.App.2007), affirmed, 754 N.W.2d 672 (2008). A review of the federal decisions considering this theory reflects virtual unanimous support for this position.
In U.S. v. Cantellano, 430 F.3d 1142 (11th Cir.2005), cert. denied, 547 U.S. 1034, 126 S.Ct. 1604, 164 L.Ed.2d 325 (2006), for example, the Eleventh Circuit recognized that a defendant is indeed entitled to cross-examination in a capital sentencing proceeding.[2] The court, however, concurred with the United States Courts of Appeal for the Fifth, Sixth, Seventh, Eighth and Tenth Circuits, and declined to extend Crawford to sentencing in noncapital *138 cases. Id. (Citing United States v. Navarro, 169 F.3d 228, 236 (5th Cir.), cert. denied, 528 U.S. 845, 120 S.Ct. 117, 312, 145 L.Ed.2d 99 (1999); United States v. Kirby, 418 F.3d 621, 627-28 (6th Cir.2005); United States v. Fleck, 413 F.3d 883, 894 (8th Cir.2005); Szabo v. Walls, 313 F.3d 392, 398 (7th Cir.2002); United States v. Powell, 973 F.2d 885, 893 (10th Cir.1992), cert. denied, 507 U.S. 991, 113 S.Ct. 1598, 123 L.Ed.2d 161 (1993)). See also United States v. Katzopoulos, 437 F.3d 569, 575 (6th Cir.2006); United States v. Brown, 430 F.3d 942, 944 (8th Cir.2005); United States v. Monteiro, 417 F.3d 208, 215 (1st Cir.2005), cert. denied, 546 U.S. 1202, 126 S.Ct. 1405, 164 L.Ed.2d 105 (2006); United States v. Luciano, 414 F.3d 174, 179 (1st Cir.2005); United States v. Martinez, 413 F.3d 239, 243 (2d Cir.2005), cert. denied, 546 U.S. 1117, 126 S.Ct. 1086, 163 L.Ed.2d 902 (2006); United States v. Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 546 U.S. 1024, 126 S.Ct. 671, 163 L.Ed.2d 541 (2005).
Likewise, several state appellate jurisdictions have held that Crawford does not apply to noncapital sentencing proceedings. See, e.g., Commonwealth v. Nunez, 446 Mass. 54, 841 N.E.2d 1250, 1254 (2006) (holding that although the Crawford decision does not apply to probation revocation proceedings as they are part of sentencing, the hearsay on which the judge relied upon must be reliable); People v. Lassek, 122 P.3d 1029, 1031-32 (Colo.Ct.App.2005) (adopting the reasoning of the federal courts that there is no right to confrontation in noncapital sentencing proceedings); State v. Arthur H., 288 Conn. 582, 606, 953 A.2d 630 (Conn.2008) (recognizing the well settled law "that a defendant does not have a constitutional right to cross-examine witnesses who provide statements for the court's consideration in noncapital sentencing proceedings."); Rodriguez, 738 N.W.2d at 422 (holding that Crawford does not apply to sentencing proceedings, even capital sentencing proceedings held before a jury). No contrary holding has been pointed out to us.
Finally, the Florida Supreme Court's recent holding in Peters v. State, 984 So.2d 1227 (Fla.2008), convinces us that Mr. Box's argument is flawed. There, our high court held that Crawford does not apply to probation or community control revocation hearings because they are not tantamount to criminal prosecutions. It reasoned that "[t]he court in Crawford specifically limited its holdings to testimonial hearsay in the context of a criminal prosecution under the Sixth Amendment Confrontation Clause. [The Florida Supreme Court] will not extend the holding in Crawford beyond the bounds outlined by the United States Supreme Court." Id. at 1234-35. During a criminal prosecution the defendant awaits the determination of guilt or innocence. At a revocation hearing, on the other hand, just as in a sentencing proceeding, that determination has already been made. Id. at 1231. Thus, the Peters majority acknowledged the distinction between the full array of rights due to a defendant before conviction and the limited rights available during sentencing proceedings in view of the fact that "the interest at stake at the sentencing stage is limited." 984 So.2d at 1232. Furthermore, the court cited to cases standing for the proposition that a defendant's interest at sentencing is that he or she not be sentenced on the basis of unreliable or inaccurate information. See Id. (citing United States v. Giltner, 889 F.2d 1004, 1008 (11th Cir.1989); United States v. Espinoza, 481 F.2d 553, 555 (5th Cir. 1973)). Comparing a defendant's limited rights at sentencing to the limited rights of a probationer, the Supreme Court concluded that "[b]ecause a probationer has already been found guilty of the crime *139 charged before being placed on probation or under community supervision, the revocation proceeding implicates only a limited, conditional liberty interest rather than the absolute liberty interest enjoyed by a criminal defendant prior to trial." Id. at 1233. Accordingly, the Florida Supreme Court held that Crawford does not apply to revocation proceedings as they cannot be equated to a criminal prosecution. Id.
Similarly, a restitution hearing is also associated with the sentencing process and is not tantamount to a criminal prosecution. As in violation of probation proceedings, the defendant at a restitution hearing has already been found guilty of a crime. Because persons in that position enjoy only a "limited, conditional liberty interest," we conclude that the Sixth Amendment right of confrontation does not apply to restitution hearings. See Franco v. State, 918 A.2d 1158, 1161 (Del.2007) (concluding that the Sixth Amendment right of confrontation does not apply in restitution hearings where the restitution hearing is part of the sentencing process in view of the holding that a defendant does not have a Sixth Amendment right to confrontation at the sentencing stage of a criminal prosecution); United States v. Sunrhodes, 831 F.2d 1537, 1543 (10th Cir.1987) (holding that a defendant at a restitution hearing has no absolute right to confront witnesses where an order for restitution is part of the sentencing process).
We acknowledge that despite the fact that Crawford does not apply to restitution hearings, the State is still not permitted to admit any and all hearsay. Rather, the trial court may only allow hearsay having some minimal indicia of reliability to be injected into the sentencing proceeding. See United States v. Littlesun, 444 F.3d 1196, 1200 (9th Cir.) (holding that because Crawford does not explicitly overrule Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed.2d 1337 (1949), the law on hearsay at sentencing is still what it was before Crawford: hearsay is admissible at sentencing, so long as it is `accompanied by some minimal indicia of reliability.'") (citations omitted), cert. denied, ___ U.S. ___, 127 S.Ct. 248, 166 L.Ed.2d 149 (2006). See also Peters, Cantellano.
Mr. Box does not complain that the evidence introduced against him was not reliable; indeed, the trial court took pains to underscore the indicia of reliability that the public records contained. Rather, Mr. Box argues only that his right of confrontation was violated. As we hold that the right of confrontation does not apply to restitution hearings, we affirm in all respects.
AFFIRMED.
EVANDER and COHEN, JJ., concur.
NOTES
[1] § 90.803(8), Fla. Stat. (2003).
[2] See Proffitt v. Wainwright, 685 F.2d 1227, 1254-55 (11th Cir.1982).