ALTENBERND, Judge.
J.E.P. appeals several orders, including an order denying his petition for writ of habeas corpus. We affirm all orders on appeal except for the order denying his petition for habeas corpus.
J.E.P. has had a series of juvenile delinquency proceedings. On July 20, 2011, alone, the first eight separate petitions were filed against this juvenile. The cases have been handled in a consolidated fashion, which makes the record somewhat confusing. He appeals an order of adjudication on a newer petition and an order of probation entered on violation of probation in six separate earlier proceedings. We affirm these orders without comment.
On January 11, 2013, the attorney representing this juvenile filed a petition for writ of habeas corpus in the eight original proceedings. The petition alleges that the *765 juvenile did not enter a knowing plea in these proceedings and that the original attorney representing the juvenile had committed ineffective assistance of counsel. The Florida Rules of Juvenile Procedure do not contain a rule comparable to Florida Rule of Criminal Procedure 3.850. As a result, a petition for habeas corpus is still the proper method to seek postdispo-sition relief. See D.E.R. v. State, 993 So.2d 1030 (Fla. 2d DCA 2008); J.M.B. v. State, 750 So.2d 654, 655 (Fla. 2d DCA 1999).
The juvenile court did not hold a hearing on this petition for habeas corpus. Instead it entered a short order denying the petition without explanation. The contents of the petition appear facially sufficient. Admittedly, the procedural rules for handling such relatively rare petitions are not well established. We do not believe that the procedures in this context need to be as complex as those for handling motions under rule 3.850. The provisions addressing habeas corpus in chapter 79, Florida Statutes (2011), are also not well suited for these motions. However, when the motion is facially sufficient, the juvenile is entitled to greater due process than when an order denies the petition without any explanation. At a minimum, the juvenile court should hold a hearing on the petition to determine an adequate method to resolve the allegations of the petition.
Accordingly, we reverse and remand only as to the petition for habeas corpus with instructions that the juvenile court hold a hearing on that petition.
Affirmed in part, reversed in part, and remanded.
LaROSE and MORRIS, JJ., Concur.