NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.R.,                                              )
                                                   )
        Appellant,                             )
                                                   )
v.                                                 )          Case No. 2D13-4145
                                                   )
STATE OF FLORIDA,                                  )
                                                   )
        Appellee.                              )
                                                   )
_____)

Opinion filed July 11, 2014.

Appeal from the Circuit Court for Manatee
County; Scott M. Brownell, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.

LaROSE, Judge.

        J.R. appeals an order withholding adjudication and imposing probation

after he pleaded guilty to burglary of an unoccupied dwelling and third-degree grand

theft. See §§ 810.02(3)(b), 812.014(2)(c)(1), Fla. Stat. (2012). The trial court erred in ordering restitution for a veterinary bill. Consequently, we reverse in part.

The burglary victim testified at the restitution hearing that when she arrived home on the day of the burglary, her dog was injured. The veterinarian bill was $250. The trial court included this amount as restitution. The veterinary bill was not mentioned in the petition or in the factual basis the State set forth in the plea colloquy. See Malarkey v. State, 975 So. 2d 538, 540-41 (Fla. 2d DCA 2008). The State properly concedes error on this point.

J.R. also contends that the total restitution amount of $4082 was not supported by competent substantial evidence; the victim testified as to only the purchase prices of the stolen items. The extent of the victim's testimony is not fatal. See H.L.C. v. State, 950 So. 2d 1268, 1269 (Fla. 5th DCA 2007) (holding testimony as to purchase dates and prices, condition at time of theft, and replacement values supported finding of fair market value); Bakos v. State, 698 So. 2d 943, 944 (Fla. 4th DCA 1997) (affirming restitution award in part even though victim testified only to purchase price and not use, condition, or amount of depreciation). We note that the victim testified as to the condition of the stolen items. We affirm on this issue.

Finally, J.R. argues that the trial court erred in failing to address how much J.R. could reasonably be expected to earn to pay restitution. See § 985.437(2), Fla. Stat. (2013); M.W.G. v. State, 945 So. 2d 597, 601 (Fla. 2d DCA 2006). We must affirm on this issue because J.R. failed to preserve it. We affirm without prejudice to J.R.'s right to petition for habeas corpus relief in the trial court. See J.E.P. v. State, 130 So. 3d 764, 765 (Fla. 2d DCA 2014).

Affirmed in part and reversed in part.

ALTENBERND and KELLY, JJ., Concur.