PER CURIAM.
Mark Almeida appeals the restitution order requiring him to pay $12,500 to the victim, his aunt, as a condition of his probation. He was placed on probation after he entered an open plea of no contest to one count of dealing in stolen property.
Almeida argues that there is insufficient evidence to support the amount of the award. We agree. “It is the burden of the State to prove the amount of loss for restitution purposes by a preponderance of the evidence.” Box v. State, 993 So.2d 135, 136 (Fla. 5th DCA 2008). “Restitution must be proved by substantial competent evidence.” Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005) (citations omitted), approved, 934 So.2d 1226 (Fla.2006). Here, the trial court erred in ordering restitution based upon the victim’s desire for $50 per week for five years. The amount of the award based on this request is unrelated to-the value of the items taken and is wholly unsupported by any evidence presented at the restitution hearing. While Almeida stated he wanted to repay his aunt, it was clear that he objected to her claim as to the lump sum value of the stolen items. His statements that he would do what it took to satisfy both the court and his aunt were not an acquiescence to an unsupported award, as the State erroneously contends.
We conclude that Almeida did not agree to the restitution imposed and, thus, cannot be said to have waived his right to a *474 restitution amount supported by substantial competent evidence. Accordingly, we reverse the order of restitution and remand this case to the trial court for further proceedings to determine the appropriate amount of restitution to be awarded to the victim.
REVERSED and REMANDED.
SAWAYA, ORFINGER, and COHEN, JJ., concur.