Taylor, J.
Appellant, Devonte Davis, pleaded guilty to a charge of robbery and was sentenced as a juvenile to commitment in a high risk residential program, followed by probation. After appellant was released from the juvenile commitment facility, he committed new criminal offenses while on probation. The trial court determined that appellant was unsuitable for juvenile sanctions and sentenced him on the original robbery charge to three years in prison with credit for time served. On appeal, appellant argues that the original sentence of post-commitment probation was illegal because the trial court could not sentence him to both a commitment program and probation under section 985.565(4)(b), Florida Statutes (2012), without ordering a disposition hearing. We disagree and affirm.[1]
The legality of a criminal sentence is reviewed de novo. State v. Valera, 75 So.3d 330, 331-32 (Fla. 4th DCA 2011). Likewise, issues of statutory interpretation are reviewed de novo. Therlonge v. State, 184 So.3d 1120, 1121 (Fla. 4th DCA 2015).
Under section 985.565(4)(b), Florida Statutes (2012), a criminal court may impose the following sanctions upon adjudicating a child delinquent:
(b) Juvenile sanctions.—For juveniles transferred to adult court ..., the court may impose juvenile sanctions under this paragraph. If juvenile sentences are imposed, the court shall, under this paragraph, adjudge the child to have committed a delinquent act. ... Upon *892 adjudicating a child delinquent under subsection (1), the court may:
1. Place the child in a probation program under the supervision of the department for an indeterminate period of time until the child reaches the age of 19 years or sooner if discharged by order of the court.
;2. Commit the child to the department for treatment in an appropriate program for children for an indeterminate period .of time until the child is 21 or sooner if discharged by the department. The department shall notify the court of,its intent to discharge no later than 14 days prior to discharge. Failure of the court to timely respond to the department’s notice shall be considered approval for discharge.
3. Order disposition under ss. 985.435, 985.437,- 985.439, 985.441, 985.45, and 985.455 as an alternative to youthful of-, fender or adult sentencing if the court •determines not to impose youthful offender or adult sanctions.
§ 985.565(4)(b), Fla. Stat. (2012).
• Appellant argues that these options are mutually exclusive, 'noting that none of these options' are joined with the conjunction “and.” Appellant contends that these must be alternative sanctions because' otherwise the provisions of .the statute are duplicative. Appellant further argues that the court could impose a commitment followed by probation under section 985.565(4)(b)3, but .only if the court ordered a disposition hearing. Appellant’s arguments are unpersuasive.
When construing a statute, courts look first to the statute’s plain language. State v. Hockley, 95 So.3d 92, 93 (Fla. 2012). “It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute '- if possible, and words in a statute should not be construed as mere surplusage,” Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 (Fla. 2003).
“[Wjhere the language of a statute clearly limits the application to a particular class of cases, leaving no room for doubts as to the meaning of the legislature, the statute may not be enlarged or expanded to cover cases not falling within its provisions;” Chu v. State, 521 So.2d 330, 331 (Fla. 4th DCA 1988) (quoting Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861, 864 (Fla. 1st DCA 1985)).
When interpreting different subsections of the same statute, however, the subsections must be read in pari materia. See State v. Riley, 638 So.2d 507, 508 (Fla. 1994); Payne v. State, 873 So.2d 621, 622 (Fla. 2d DCA 2004).
Chapter 985 of the Florida Statutes “contains a comprehensive and extensive array of provisions” that address juvenile justice. E.A.R. v. State, 4 So.3d 614, 628 (Fla. 2009). When interpreting Chapter 985, courts should not focus “exclusively upon one statutory provision ... without addressing any related provisions that further reveal the Legislature’s intent and address the broader standards that should control juvenile dispositions.” Id.
In D.G. v. State, 170 So.3d 1 (Fla. 2d DCA 2015), the Second District considered the argument that the commitment options in section 985.441(1)—a similar statutory provision containing multiple options that are not separated by any coordinating conjunctions-7-were discrete and mutually exclusive. The Second District,rejected this argument “if for no other reason than the absence of statutory language suggesting that the options set forth in section 985.441(1) are mutually exclusive.” Id. at 5. The court explained: “Indeed, to treat them as such would be inconsistent with the comprehensive approach to juvenile justice prescribed in chapter 985.” Id.
Here, the probationary portion of appellant’s original sentence was not illegal. The *893 trial court was permitted to sentence appellant to a term of commitment followed by probation. This sentence was lawful either (1) under sections 985.565(4)(b)1 & 2, when those provisions are read together, or (2) under section 985.565(4)(b)3.
Contrary to appellant’s argument, the options set forth in section 985.565(4)(b) are not mutually exclusive. Rather, they should be read in pari materia. The legislature omitted the use of the restrictive “or” between the options. Had the legislature intended that the trial court choose between a sentence of juvenile probation or commitment, the legislature could have easily said so. Accordingly, in light of the absence of statutory language indicating the options set forth in section 985.565(4)(b) are mutually exclusive, we must reject appellant’s argument. Moreover, appellant’s interpretation would be inconsistent with the compressive approach to juvenile justice prescribed in Chapter 985.
Appellant further argues that, under section 985.565(4)(b)3, the trial court could impose both commitment and juvenile probation only if a disposition hearing was ordered. Even though we find that appellant’s sentence was authorized under sections 985.565(4)(b)1 & 2, we disagree with appellant’s interpretation of section 985.565(4)(b)3.
Section 985.565(4)(b)3 authorizes the court to “order disposition” pursuant to the delineated statutory sections. Here, the trial court properly ordered disposition under section 985.565(4)(b)3. This subsection does not require the court to order a “disposition hearing.” Instead, the court is required to conduct a sentencing hearing under section 985.565(3) when a juvenile is being prosecuted as an adult. At the sentencing hearing, the court is to consider a Pre-Sentence Investigation (hereinafter “PSI”) unless the PSI is waived by the offender, and the court may impose either adult or juvenile sanctions. Here, appellant resolved his case by entering a plea in which he waived a PSI and accepted a disposition with juvenile sanctions.
Section 985.565(4)(b)3 authorizes the court to sentence a juvenile to commitment followed by post-commitment probation. Section 985.435, one of the juvenile statutes cited in section 985.565(4)(b)3, expressly permits post-commitment probation. Although appellant suggests that the sentence was ordered “without any input from DJJ,” the record contradicts this claim. The disposition order states that the trial court approved a predisposition report.
In sum, the trial court’s original sentence, which included post-commitment probation,- was not illegal. The court was authorized to sentence appellant to both a commitment program and probation under section 985.565(4)(b). This sentence was lawful either (1) under sections 985.565(4)(b)l & 2, when those provisions are read together, or (2) under section 985.565(4)(b)3.

Affirmed.

Forst and Klingensmith, JJ., concur.

. Appellant also argues that his new sentence of three years in prison was in violation of his original plea agreement. According to appellant, the plea agreement provided that the court would impose only juvenile sanctions in the event he violated probation. We reject this claim on the merits, as the record conclusively refutes appellant’s claim that that the plea agreement called for him to receive only juvenile sanctions if he violated probation.