# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1960
Lower Tribunal No. B19-30634
_____


**Gardino Martinez Mesa,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Jacqueline M. Woodward and Jeffrey Kolokoff, Judges.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.


Before HENDON, GORDO and LOBREE, JJ.

PER CURIAM.

Gardino Martinez Mesa appeals from a judgment of conviction of two

counts of animal abandonment, sentence of probation with special conditions, and order of restitution. We affirm the judgment and sentence but vacate the restitution order and remand for further proceedings.

The trial court ordered restitution over Mesa's objection without conducting an evidentiary hearing. Before briefing in this pending appeal, Mesa's counsel filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2) challenging the trial court's authority to: 1) order restitution payable to the South Florida Society for the Prevention of Cruelty to Animals ("SPCA"); and 2) impose restitution over objection without a hearing. Below, the State apparently conceded that an evidentiary hearing was required prior to imposition of restitution over a defendant's objection.[1] Thereafter, the trial court orally vacated the restitution order and conducted an evidentiary hearing but failed to enter any order within sixty days of the filing of Mesa's motion.

Under rule 3.800(b)(2)(B), if the trial court does not file an order ruling on a motion to correct sentencing error within sixty days, the motion shall be

---

[1] On appeal, the State argues, among other things, that the restitution amount challenge is not a sentencing issue cognizable in a rule 3.800(b)(2) motion. However, the 1999 court commentary to this rule provides: "For purposes of this rule, sentencing errors include harmful errors in orders entered as a result of the sentencing process. *This includes errors in . . . restitution orders*, as well as errors within the sentence itself." Fla. R. Crim. P. 3.800 court's commentary to 1999 amendments (emphasis added).

deemed denied. See Sessions v. State, 907 So. 2d 572, 573 (Fla. 1st DCA 2005) (finding trial court's jurisdiction ends "once 60 days elapse without rendition of an order ruling on the motion"). "As such, the defendant may raise the alleged sentencing errors on direct appeal." Sampson v. State, 798 So. 2d 824, 825 (Fla. 3d DCA 2001).

A restitution hearing is required, as disputes as to the amount of restitution are to be resolved by the trial court by the preponderance of the evidence, and the burden of demonstrating the amount of loss sustained by a victim as a result of the offense is on the state attorney. See § 775.089(7), Fla. Stat. (2019); Strickland v. State, 746 So. 2d 1189, 1190 (Fla. 2d DCA 1999) ("[S]ection 775.089(7) contemplates an evidentiary hearing where there is a dispute as to restitution."); Harris v. State, 816 So. 2d 245, 245 (Fla. 3d DCA 2001). Accordingly, we reverse the restitution order and remand this case to the trial court to conduct a new restitution hearing.[2]

Affirmed in part; reversed and remanded in part.

---

[2] As we vacate the restitution order and remand for a new hearing, we decline to address in the first instance whether an entity that incurs expenses related to a defendant's offense, such as the SPCA, can be a "victim" under section 775.089(1)(c).